**LAW OFFICES OF WINDLE
TURLEY, P.C.,
Appellant,**

v.

**Bahram GHIASINEJAD, Appellee.**

No. 2–02–187–CV.

Court of Appeals of Texas,
Fort Worth.

May 15, 2003.

Panel F: CAYCE, C.J.; DAY and LIVINGSTON, JJ.

## OPINION

SAM J. DAY, Justice.

### I. INTRODUCTION

Appellant Law Offices of Windle Turley, P.C. (LOWT) sought to intervene in a medical malpractice suit to pursue a claim for breach of contract against its former client, appellee Bahram Ghiasinejad. LOWT appeals from the trial court's order granting appellee Bahram Ghiasinejad's motion to strike the intervention. In two issues, LOWT contends that it had a justiciable interest in the principal suit and that the trial court abused its discretion in not permitting it to intervene. We affirm.

### II. FACTUAL BACKGROUND

In August 1999, Ghiasinejad retained LOWT to prosecute a medical malpractice suit against Dr. Dolores Corpuz. In a contingent fee contract between Ghiasinejad and LOWT, Ghiasinejad agreed to pay and "hereby *assign* [ ] to LOWT forty percent (40%) if [the case] settled 10 days before trial, and forty-five [percent] (45%) thereafter." [Emphasis added.] On December 2, 1999, Michael Sawicki, an associate at LOWT, filed suit on Ghiasinejad's behalf in Dallas County. The suit was later transferred to Denton County, where it was settled.

Before the suit was transferred to Denton County, Sawicki left his position with LOWT. After Sawicki left, Ghiasinejad terminated his contract with LOWT and retained Sawicki to represent him in the lawsuit against Dr. Corpuz. On September 25, 2000, LOWT filed a petition in intervention pursuant to rule 60 in an attempt to protect its contractual rights under the contingent fee contract. TEX.R.

Law Offices of Windle Turley, P.C., Thomas B. Cowart, Dallas, for Appellant.

Brown, Sawicki & Mitchell, L.L.P., Michael G. Sawicki, Dallas, for Appellee.

CIV. P. 60. In its petition, LOWT alleged that Ghiasinejad breached the contingent fee contract without good cause. *Id.* Ghiasinejad answered the petition, denying the allegations and asserting that "the contract was terminated for good cause" and that LOWT breached a fiduciary duty it owed to him. Ghiasinejad also filed a motion to strike the petition in intervention.

Although the petition in intervention and motion to strike were both filed in Dallas County, they were heard by the Denton County trial court after the Dallas County trial court granted Dr. Corpuz's motion to transfer, which was agreed to by Ghiasinejad. After hearing argument from both Ghiasinejad and LOWT, the Denton County trial court granted the motion to strike because "the Petition in Intervention ... is not based on a present and justiciable interest."

### III. INTERVENTION

■ Any party may intervene by filing a pleading, subject to being stricken by the court for sufficient cause on the motion of any party. *Id.* TEX.R. CIV. P. 60. The standard of review for determining whether a trial court properly struck a petition in intervention is abuse of discretion. *See Guaranty Fed. Sav. Bank v. Horseshoe Operating Co.,* 793 S.W.2d 652, 657 (Tex. 1990); *Tex. Dep't of Health v. Buckner,* 950 S.W.2d 216, 218 (Tex.App.-Fort Worth 1997, no writ). To determine whether a trial court abused its discretion, we must decide "whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable." *Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex. 1990). Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court in a similar circumstance does not demonstrate that an abuse of discretion occurred.

*Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

■ Once the motion to strike has been filed, the burden shifts to the intervenor to show a justiciable interest in the lawsuit. *Mendez v. Brewer,* 626 S.W.2d 498, 499 (Tex.1982); *Intermarque Auto. Prods., Inc. v. Feldman,* 21 S.W.3d 544, 549 (Tex.App.-Texarkana 2000, no pet.). The interest asserted by the intervenor may be legal or equitable in nature. *Mendez,* 626 S.W.2d at 499; *Intermarque Auto. Prods.,* 21 S.W.3d at 549. But it must be "greater than a mere contingent or remote interest." *Rogers v. Searle,* 533 S.W.2d 440, 442 (Tex.Civ.App.-Corpus Christi 1976, no writ). A party has a justiciable interest in a lawsuit, and thus a right to intervene, when his interests will be affected by the litigation. *Intermarque Auto. Prods.,* 21 S.W.3d at 549. If a party cannot show a justiciable interest in the lawsuit, the trial court has sufficient cause to strike his petition in intervention. *Id.*

■ Even if a party has a justiciable interest, however, the trial court still has broad discretion in determining whether his petition in intervention should be struck. *Id.* It is an abuse of the trial court's discretion to strike a petition in intervention if the intervenor: (1) could have brought the same action, or any part of it, in its own name; (2) the intervention would not complicate the case by excessively multiplying the issues; and (3) the intervention is almost essential to effectively protect the intervenor's interest. *Guaranty Bank,* 793 S.W.2d at 657; *Intermarque Auto. Prods.,* 21 S.W.3d at 549.

■ In its first issue, LOWT contends that the trial court erred in determining that it did not have a justiciable interest in the principal lawsuit. Texas courts have

repeatedly recognized that where a contingent fee contract "assigns" an interest in the lawsuit, a cause of action, or the recovery, as opposed to merely agreeing to pay a percentage of the amount recovered, a justiciable interest in the suit is created. *See Dow Chemical Co. v. Benton*, 163 Tex. 477, 357 S.W.2d 565, 568 (1962); *Galveston, H. & S.A. Ry. Co. v. Ginther*, 96 Tex. 295, 72 S.W. 166, 167 (1903); *Honeycutt v. Billingsley*, 992 S.W.2d 570, 584 (Tex.App.-Houston [1st Dist.] 1999, pet. denied); *Trinity River Auth. v. Badders*, 453 S.W.2d 304, 308 (Tex.Civ.App.-Houston [14th Dist.] 1970, no writ). As a result, "[a] plea in intervention in the principal suit is an appropriate vehicle by which a discharged attorney may recover fees for services rendered." *Serna v. Webster*, 908 S.W.2d 487, 491 (Tex.App.-San Antonio 1995, no writ). Thus, we hold the trial court abused its discretion in striking the petition in intervention on the ground that LOWT had no justiciable interest in the principal lawsuit. We sustain LOWT's first issue.[1]

■ In its second issue, LOWT argues that the trial court abused its discretion in striking the petition in intervention because: (1) LOWT could have brought the same action, or any part of it, in its own name; (2) the intervention would not complicate the case by excessively multiplying the issues; and (3) the intervention is almost essential to effectively protect LOWT's interests. *Guaranty Bank*, 793 S.W.2d at 657. LOWT filed its petition in intervention in the medical malpractice case in order to protect its interests in the lawsuit. In order to recover on that interest, however, LOWT will have to prove

that Ghiasinejad breached the contingent fee contract without good cause and defend against Ghiasinejad's claim that it breached its fiduciary duty. At the hearing on the motion to strike, the trial court expressed its concern over mixing the medical malpractice issues of the principal suit with the issues involved in the intervention:

> You are saying it is related to this case. But, really, factually, it [is] not related to this case. Whether you had—whether they had a good right to terminate you or not or—or whether you have breached fiduciary duties and all of those other claims that may come up has nothing to do with what this doctor did. I mean, they are really very separate claims: One is in tort under a special medical malpractice statute; one is in contract. The facts aren't going to overlap.

We agree with the trial court. Allowing the intervention in this case would inject new issues into the case that are completely unrelated to the issue of the principal lawsuit—whether Dr. Corpuz committed malpractice. *See Atchley v. Spurgeon*, 964 S.W.2d 169, 171 (Tex.App.-San Antonio 1998, no pet.) ("What gives a trial court grounds to reject intervention under this criterion is the injection of new issues into litigation."). Under the circumstances, the trial court could have concluded that submitting the breach of contract and breach of fiduciary duty issues to a jury along with the malpractice issues would have caused unnecessary confusion and complicated the already difficult medical malpractice issues.

---

1. Although the trial court's stated reason for granting the motion to strike amounts to an abuse of discretion, we will still uphold the order on any ground that is supported by the record. *See Courage Co. v. Chemshare Corp.*, 93 S.W.3d 323, 331 (Tex.App.-Houston [14th Dist.] 2002, no pet.); *Lemond v. Lone Star Gas Co.*, 897 S.W.2d 378, 382 (Tex.App.-Fort Worth 1994), *aff'd in part, rev'd in part on other grounds*, 897 S.W.2d 755 (Tex.1995). Thus, we address issue two.

Moreover, as the trial court noted at the hearing, there are other avenues available to LOWT for pursuing its interests.[2] The court in *Honeycutt v. Billingsley* also enumerated three options available to an attorney with an assigned interest in a case whose client settles without his approval, including:

(1) he may prosecute the suit against the defendant in his own name or the plaintiff's name, prove liability and damages owed by the defendant to the plaintiff, and recover his proportionate share from the judgment; (2) he may sue the client for his share of the sum paid in settlement . . . ; or (3) he may ratify the settlement agreement between the plaintiff and defendant, without the necessity of proving liability and damages in the underlying tort suit, by seeking to recover only his proportionate share of the settlement funds.

992 S.W.2d at 585. Other than stating that Ghiasinejad has not kept it informed about the status of the lawsuit, LOWT has failed to demonstrate in this court or in the trial court that the intervention is "almost essential" to protect its interests.[3] Consequently, we cannot conclude it was "almost essential" that LOWT's claims be heard together with Ghiasinejad's claims against Dr. Corpuz. For the foregoing reasons, we hold the trial court did not abuse its discretion in granting the motion to strike intervention.[4] We overrule LOWT's second issue.

## IV. CONCLUSION

Having overruled LOWT's second issue, we affirm the trial court's judgment.

---

2. One option mentioned by the trial court was that LOWT could "file a garnishment" against Dr. Corpuz's insurance provider.

3. Although LOWT states it did not learn that the case had settled until Dr. Corpuz's attorney informed it of the settlement, we fail to see how this fact demonstrates that it was essential for LOWT to intervene in order to protect its interests. The settlement occurred over a year after LOWT was stricken from the case. As a result of the settlement, LOWT can now pursue its interest under the second or third alternative listed by the court in *Honeycutt*, 992 S.W.2d at 585.

4. Relying on *Apparel Contractors, Inc. v. Vantage Props., Inc.*, LOWT claims that its intervention at most would have opened a "second phase" in the litigation and would not add any new issues to the liability and damages dispute between Ghiasinejad and Dr. Corpuz. 620 S.W.2d 666, 668 (Tex.Civ.App.-Dallas 1981, writ ref'd n.r.e.) ("There is no multiplication of issues because this record shows that there are no issues of fact between the original parties in the garnishment action that would be affected by the trial of the issues raised by the intervention."). Although LOWT's intervention may not create new issues between Ghiasinejad and Dr. Corpuz, the "second phase" of litigation has every appearance of being an entirely new lawsuit between different parties and based on separate issues of fact and law. Not only will the "second phase" unnecessarily extend the time needed to reach finality in the principal lawsuit, but it injects new unrelated issues into the case. Moreover, unlike the intervenor in *Apparel Contractors*, LOWT has not demonstrated that no other avenues are available to protect its interests other than intervention in the principal suit. *Id.* at 667 ("The intervenor has no basis for a personal claim against the garnishor in a separate suit and has no assurance that the fund would be kept intact after its payment to the garnishor. . . .").