COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-304-CV

 

 

ESTATE
OF HARLEY D. WEBB, JR., 

DECEASED

 

                                              ------------

 

               FROM
PROBATE COURT NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------








This appeal arises out of a
family settlement agreement entered into by some but not all of the takers
under a will of Harley D. Webb, Jr. 
Richard L. Page appeals from the trial court=s striking of his plea in intervention in the petition requesting
approval of a family settlement agreement and for modification of a spendthrift
trust brought by Appellees Marsha Webb and David Webb, Harley=s children (Athe Webb
children@), and Appellee Catholic Charities Diocese of Fort Worth, Inc. (Athe DioceseA) and
involving Appellee Hershel R. Payne as independent executor of Harley=s estate.  The Diocese had
intervened in the Webb children=s underlying lawsuit.  Because
we hold that the trial court abused its discretion by striking Page=s plea in intervention, we reverse the trial court=s order and remand this case for further proceedings.

Facts and Procedural History

Harley executed a will in
1993.  In 2002, he executed another will
that revoked all prior wills and codicils and named Payne as executor.  The 2002 will devises Harley=s residuary estate to Page as trustee of a spendthrift trust Ato be called the Harley D. Webb, Jr. Family Trust@ (Athe Harley
trust@).  The will authorizes the
executor, as the executor deems advisable, to select assets for distribution in
satisfaction of any gift made under the will. 
It also authorizes the executor to pay out of the residuary estate all
unsecured debts and all claims that are in the executor=s opinion legally enforceable against the estate; the executor is
authorized to pay these claims out of any available assets.  The will also provides that the trustee or
the executor may divide any trust created under the will into two or more trusts
with identical terms for tax planning purposes. 
Finally, the will provides that all trusts created by the will terminate
no later than twenty-one years after the death of the last survivor of Harley=s descendants who are surviving at his death and that all trust assets
will then be distributed to the Diocese.








Harley died on February 9,
2005.  Thereafter, Payne filed the 2002
will for probate, and on December 2, 2005, he filed an application for an extension
of time to file the inventory.  On
December 21, 2005, the Webb children filed a will contest to the 2002
will.  They also filed an objection to
the application for extension and a petition to remove Payne as executor and,
in the alternative to their will contest, to remove Page as trustee.  Both Page and Payne answered.  The Diocese intervened in May 2006.  The Webb children filed an amended will
contest on January 4, 2007, and filed an application to admit the 1993 will to
probate.

The Webb children and the
Diocese reached a settlement, and the Webb children filed an original petition
seeking modification of the trust under section 112.054 of the Texas Trust Code
and approval of a family settlement agreement. 
Among other modifications, they sought to have the trustee changed from
Page to Chase Bank.  Payne filed a
response pointing out to the court that neither Page nor Payne had agreed to
the modification of the Harley trust, including the removal of Page, or to the
terms of the family settlement agreement for which they sought court approval.








A hearing on the modification
petition was scheduled for January 25, 2007. 
On that morning, Page, already named as a defendant by the Webb children
in their petition to remove him as trustee in the alternative to their will
contest, Aintervened@ to contest the court=s approval of the family settlement agreement and modification of the
trust.  The Webb children and the Diocese
filed motions to strike his intervention on the ground that Page had no
justiciable interest, that the intervention would complicate the case by
creating an excessive multiplication of issues, that the intervention was
untimely, and that Page was estopped from intervening because his counsel had
admitted that Page did not have an interest and was not a part of the
underlying lawsuit to contest Harley=s will.  The trial court granted
the motions to strike without stating in its order the grounds on which it
based its ruling, although prior to entering the order, the court had sent a
letter to the parties stating that it was of the opinion that under Texas Trust
Code section 115.011(b), Page was not a necessary party.  This appeal followed.

Standard
of Review








We review for an abuse of
discretion a trial court=s
determination on a motion to strike a plea in intervention.[1]  To determine whether a trial court abused its
discretion, we must decide whether the trial court acted without reference to
any guiding rules or principles; in other words, we must decide whether the act
was arbitrary or unreasonable.[2]  Merely because a trial court may decide a
matter within its discretion in a different manner than an appellate court
would in a similar circumstance does not demonstrate that an abuse of
discretion has occurred.[3]

Analysis

Page presents two issues on
appeal:  does the appellate record
establish a prima facie case for his standing, and did the trial court abuse
its discretion by striking his intervention? 
He argues that, as a beneficiary of Harley=s will, he was a necessary party to the family settlement agreement
and that as trustee, he is a necessary party to any action to modify the Harley
trust.  We agree.








Rule 60 of the Texas Rules of
Civil Procedure provides that A[a]ny party may intervene by filing a pleading, subject to being
stricken out by the court for sufficient cause on the motion of any party.@[4]  When a motion to strike the
intervention is filed, Athe burden
shifts to the intervenor to show a justiciable interest in the lawsuit.@[5]  This interest must be more
than Aa mere contingent or remote interest.@[6]  The intervenor has a
justiciable interest in a lawsuit Awhen his interests will be affected by the litigation.@[7]

Here, the parties seek to
modify the trust and to remove Page as trustee without including him in that
proceeding.  For the reasons set out
below, Page as trustee is a necessary party to an action to modify the trust
unless and until he has been removed from his position as trustee, and he is a
necessary party to any proceeding to remove him.  








The Texas Trust Code provides
that in an action by or against a trustee and in all proceedings concerning
trusts, the trustee is a necessary party Aif a trustee is serving at the time the action is filed.@[8]  Page is therefore a necessary
party if he was serving at the time the action was filed.  We have not found Texas law that sets a
definitive moment at which the trustee of a testamentary trust begins serving,[9]
but common sense dictates that a trustee begins serving when he accepts a valid
trust.  A person designated in a trust
instrument as a trustee incurs no liability with respect to the trust until he
accepts the trust;[10]
but once the named trustee has accepted the trust, he owes a duty to the
beneficiaries, and therefore he must at that point be considered as serving as
trustee.  Of course, for a person to
accept a trust, the trust must be in existence, and therefore the trust must
have property.[11]  








A testamentary transfer is a
valid method of creating a trust.[12]  The question here is whether the death of a
testator automatically causes the transfer of property to, and thus the funding
and creation of, a testamentary trust. 
Texas law provides that when the testator dies, property devised under a
will vests immediately in the devisees.[13]  But courts have held that a will may postpone
this vesting if the will expresses an unambiguous intention to do so.[14]

Harley=s will includes the following relevant provisions:

$                  
AI
give all of the residue of my estate to the trustee named in this will as
trustee of a trust to be called the Harley D. Webb, Jr. Family Trust.@

 

$                  
AI
recognize that potential conflicts of interest may exist, as my executor may be
under a duty . . . to select and value assets to fund the trusts created
by my will.@
[Emphasis added.]

 

$                  
AI
authorize my executor to distribute any part or all of my estate in
satisfaction or partial satisfaction of any gift, including any gift to a
trustee, at such time as my executor deems advisable.@
[Emphasis added.]

 

$                  
AI
specifically authorize my executor . . . except as otherwise provided in this
will, to divide, allocate[,] and select assets for distribution in satisfaction
of any gift as my executor deems appropriate.@
[Emphasis added.]

 

$                  
AWhenever
my executor concludes that a distribution would otherwise have to be made to a
trustee who would then be required to make an immediate distribution of the
same property, my executor may make that distribution directly to the
beneficiary . . . rather than to the trustee. . . .  It is my intent that my executory shall
exercise this authority in order to avoid unnecessarily incurring the expense
of funding a trust which will not thereafter be administered as such.@
[Emphasis added.]








 

$                  
AI
specifically authorize my executor to sell any real or personal property in my
estate for any reason my executor deems sufficient and consistent with my
intentions as reflected in this will, whether or not any such sale is required
to pay the liabilities of my estate or for any other reason.@

 

$                  
AAny
trustee may at any time accept a partial distribution of the assets of any
trust and assume responsibility only for those assets, whether or not it has
received any accounting which might be required.  It is my intent that these provisions expedite
the funding or partial funding of any trust created by this will and
expedite the succession of trusteeship.@[Emphasis added.]

 








None of this language shows
an unambiguous intent to postpone vesting 
of the trust=s interest
in the residuary estate; it shows only an intent to postpone the trust=s enjoyment of and the trustee=s management of the trust property and to make clear that the executor
may use any property in the residuary estate to settle claims and to carry out
the testator=s wishes
with respect to tax reduction strategies.[15]  Thus, although we cannot say what property of
the residuary estate will be disposed of for tax abatement purposes or to pay
claims of the estate and thus what property will ultimately constitute the
Harley trust fund after the estate=s administration has ended, the Harley trust=s property interests are vested.[16]  Therefore, the Harley trust has been funded,
and because Page has accepted the trust, he is serving as the trustee.  Although Page did state in his pleadings to
the trial court that Payne had not yet distributed assets to the trust, his
statements merely acknowledge that he does not yet have management of the
assets and not that the trust is unfunded. 
Accordingly, we hold that because Page is serving as trustee of the
Harley trust, he is a necessary party to an action to modify the trust.








Additionally, the Webb
children and the Diocese want approval of a family settlement agreement.  The term Afamily settlement agreement@ refers to a specific type of settlement agreement; it is Aan alternative method of administration in Texas that is a favorite of
the law.@[17]  The family settlement
doctrine is based on Athe general
principle that the [devised] property belongs to the beneficiaries under the
will and since they may, by transfers made immediately after the distribution,
divide the property as they wish, there is no reason why they may not divide it
by agreement before they receive it in the regular course of judicial
administration of the estate.@[18]  Under this doctrine, devisees
under a will may enter into an agreement not to probate a will and to divide
the assets of the estate in an alternative manner to the one provided by the
will.[19]








A family settlement agreement
generally requires that all the beneficiaries of a will be included in the
agreement.[20]  A trust may be a devisee under a will.[21]  Here, Harley devised his residuary estate to
Page as trustee of a spendthrift trust. 
As stated above, Page=s interest vested at the moment of Harley=s death, and thus, this family settlement agreement affects an
interest that is vested in Page as trustee. 
While the Webb children are free to decide between the two of them on an
alternate distribution of the specific bequests left to them, if they want to
divide assets to which another devisee has a claim, they have to include that
devisee in the agreement.[22]  Page was not included in this agreement, and
therefore the trial court abused its discretion in striking his intervention.[23]  








The Webb children and the
Diocese argued to the trial court that even if Page had standing to intervene,
his intervention should be struck because it was untimely.  Because the trial court=s order did not specify the grounds for the court=s ruling, we can affirm on any legal theory that supports the order.[24]  We therefore briefly address this
argument.  Generally, an intervention is
timely at any time before a final judgment.[25]  Here, Page intervened in the proceeding
before a final judgment was entered. 
Page did not unreasonably delay his intervention; The Webb children and
the Diocese filed their petition on January 19, 2007, and Page intervened six days
later on January 25, 2007.[26]  It is irrelevant that Page did not Aintervene@ until after
discovery and other deadlines set by the court=s scheduling order had passed. 
Page=s interests
were already being represented by Payne;[27]
both Page and Payne argued for the probate of the 2002 will and Payne, as
executor, had a duty to defend and was defending the will.[28]  Until the parties filed this petition, Page
had nothing to which to object.  We
therefore hold that his intervention was timely.








We also briefly address the
Webb children and the Diocese=s argument that Page=s intervention should be struck on estoppel grounds.  They asserted that Page admitted before the
trial court that he had no interest in the will contest, and therefore under
the doctrine of quasi-estoppel, he should not be allowed to intervene in the
settlement agreement.  Quasi-estoppel
arises when it would be unconscionable to allow a party to maintain a position
inconsistent with one in which he acquired or by which he accepted a benefit.[29]  We do not have the reporter=s record from which to determine whether Page, through his counsel,
took the position that he had no interest in the will contest, and we have not
found anywhere in the record before us that Page denied ever taking such a
position.  Nevertheless, there is no
showing that by taking such a position, Page acquired or accepted a benefit, and
this fact situation is not one where it would be unconscionable to allow Page
to assert his right to be heard.  He
would have had no reason to assert an interest in the will contest so long as
Payne was fulfilling his duty as executor in defending the will.  Furthermore, Page answered and entered a
general denial when the Webb children named him as a defendant in their
original petition, and nothing in the record indicates any acquiescence by him
to his removal as trustee or to a modification of the trust=s terms.  If the trial court
granted the motions to strike on this ground, it was an abuse of discretion to
do so.








We next address the argument
that the Webb children and the Diocese can bring this action without Page
because he has a conflict of interest. Generally, a trust beneficiary may
enforce a cause of action that the trustee has against a third party only if
the trustee cannot or will not do so.[30]  In such a case, Athe beneficiary is not acting on a cause of action vested in him, but
is acting for the trustee.@[31]  The Webb children claimed that
they could bring their action on behalf of the Harley trust because Page has a
conflict of interest.  But they did not
bring an act on behalf of the trust, such as an action to recover trust
property or to assert a cause of action of the trust; neither a contest of the
2002 will establishing the trust nor their action to modify the Harley trust
could be construed as an action on behalf of the trust.  If the trial court granted the motions to
strike on this ground, it was an abuse of discretion.

Finally, the Webb children and
the Diocese argued that Page=s intervention would result in an excessive multiplication of
issues.  We disagree.  The Webb children and the Diocese asked the
court to remove Page as trustee and to otherwise modify the trust; these are
the issues on which Page wishes to have a voice.  Therefore, involving Page does not create an
excessive multiplication of issues.








Because we agree that Page
was a necessary party to both the family settlement agreement and any action to
modify the Harley trust for which he serves as trustee, we sustain both of his
issues.  Because we have held that the
trial court abused its discretion by striking Page=s intervention, we do not reach Page=s argument that he has standing to intervene because he brought
counterclaims seeking declaratory relief.[32]  








Because Page may now reassert
in the trial court his claims that Payne, the Webb children, and the Diocese
should not be allowed to take any action that would directly impact the assets
that he would administer as trustee, in the interest of judicial economy, we
briefly address this argument.[33]  A trustee=s power can be limited by the instrument creating the trust.[34]  Harley=s will provides that under the will the executor has the discretion to
settle claims that, in his opinion, are legally enforceable against
Harley=s estate.  If this were just a
settlement agreement disposing of claims by the Webb children against Payne as
the representative of Harley=s estate, and if Payne believed that the Webb children had legally
enforceable claims, then Page would have no grounds to dispute Payne=s settlement of those claims and would not be a necessary party to
those proceedings.  Furthermore, the will
expressly gives the executor the right to choose which property will be used to
settle claims and which property will be left as trust property, so Page could
not successfully argue against a settlement by the executor on the ground that
the property used to settle the claim ought to have gone to the trust.  Thus, Page cannot complain about any property
of the estate going to the settlement of claims instead of the trust because
the will expressly limits his right to do so. 

Conclusion

Having sustained Page=s issues, we reverse the order of the trial court striking Page=s intervention and remand for further proceedings.

 

 

LEE
ANN DAUPHINOT

JUSTICE

 

PANEL:  LIVINGSTON, DAUPHINOT,
and GARDNER, JJ.

DELIVERED: August 29, 2008











[1]Law
Offices of Windle Turley, P.C. v. Ghiasinejad, 109 S.W.3d 68, 70
(Tex. App.CFort
Worth 2003, no pet.).





[2]Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241B42
(Tex. 1985), cert. denied, 476 U.S. 1159 (1986).





[3]Id.





[4]TEX. R. CIV. P.
60.





[5]Law
Offices of Windle Turley, 109 S.W.3d at 70.





[6]Id.





[7]Id.





[8]TEX. PROP. CODE ANN. '
115.011 (Vernon 2007); see also ' 115.001 (Vernon Supp. 2008).





[9]See
Larson v. Enserch Exploration, Inc., 644 S.W.2d 61, 63 (Tex.
App.CAmarillo
1982, writ ref=d
n.r.e.) (noting that Athere
are no statutes or cases that override the provisions of a will and fix precise
times when estate property must come under control of testamentary trustees@ and
holding that the language of the will indicated that the testator Adid
not intend the trust to be activated, or her trustees to function@
until the executor=s
final report was filed).





[10]TEX. PROP. CODE ANN. '
112.009(b) (Vernon 2007).





[11]See id.
'
112.005 (AA
trust cannot be created unless there is trust property.@).





[12]Id. '
112.001(3).





[13]TEX. PROB. Code ANN. ' 37
(Vernon 2003).





[14]See In
re Estate of Kappus, 242 S.W.3d 182, 190B91 (Tex. App.CTyler
2007, pet. denied) (ATo
avoid application of [probate code] Section 37, the will must indicate an
unambiguous intent to override the general rule that assets vest in the
devisees under the will at the moment of death.@); see
also Johnson v. McLaughlin, 840 S.W.2d 668, 672 (Tex. App.CAustin
1992, no writ); Larson, 644 S.W.2d at 63.





[15]See
Nowlin v. Frost Nat=l Bank, 908
S.W.2d 283, 288 (Tex. App.CHouston [1st Dist.] 1995, no
writ) (ATo
vest is not necessarily to distribute immediately.  A >vested interest= is a
present right or title to a thing, which carries with it an existing right of
alienation, even though the right to possession or enjoyment may be postponed
to some uncertain time in the future.@).





[16]See
In re Estate of Kappus, 242 S.W.3d at 190.





[17]Shepherd
v. Ledford, 962 S.W.2d 28, 32 (Tex. 1998).





[18]Estate
of Morris, 577 S.W.2d 748, 755 (Tex. Civ. App.CAmarillo
1979, writ ref=d
n.r.e.).





[19]See
Shepherd, 962 S.W.2d at 32; Estate of Morris, 577
S.W.2d at 755.





[20]Pickelner
v. Adler, 229 S.W.3d 516, 524 (Tex. App.CHouston
[1st Dist.] 2007, pet. denied) (stating that a family settlement agreement Agenerally
requires all heirs= or
beneficiaries=
agreement on the distribution@).





[21]In re
Estate of Kappus, 242 S.W.3d at 190.





[22]See Pickelner,
229 S.W.3d at 524.





[23]See
id.; see also Burns v. Miller, Hiersche, Martens & Hayward, P.C.,
948 S.W.2d 317, 321 (Tex. App.CDallas 1997, writ denied)
(noting that spendthrift trusts are upheld and enforced out of consideration
for the right of donor to control his gift and not out of consideration for the
beneficiaries); Hines v. Sands, 312 S.W.2d 275, 279 (Tex. Civ. App.CFort
Worth 1958, no writ) (same).





[24]See
Point Lookout West, Inc. v. Whorton, 742 S.W.2d 277, 279 (Tex.
1987) (stating that in the absence of findings of fact and conclusions of law,
the trial court=s
judgment would be affirmed on any legal theory raised by the evidence).





[25]See
Tex. Mut. Ins. Co. v. Ledbetter, 251 S.W.3d 31, 36 (Tex.
2008) (stating that A[t]here
is no deadline for intervention in the Texas Rules of Civil Procedure@); Hisaw
& Assocs. Gen. Contractors, Inc. v. Cornerstone Concrete Sys., Inc.,
115 S.W.3d 16, 21 (Tex. App.CFort Worth 2003, pet. denied)
(stating that A[a]n
intervention is proper at any time before a final judgment on the merits@).





[26]Bush
v. Brunswick Corp., 783 S.W.2d 724, 727 (Tex. App.CFort
Worth 1989, writ denied) (mentioning Awhether the intervention will
delay the suit@ as
one of the considerations upon which a trial court may grant a motion to strike
intervention); Westridge Villa Apartments v. Lakewood Bank & Trust Co.,
438 S.W.2d 891, 895 (Tex. Civ. App.CFort Worth 1969, writ ref=d
n.r.e.) (determining that the intervention was not timely when the intervenor
had knowledge of the appellee=s pending garnishment suit
for at least eight months prior to its attempt to intervene and did not
intervene until the case had been called to trial, and the intervenor presented
no evidence to explain the delay).





[27]See
In re Estate of Head, 165 S.W.3d 897, 902 (Tex. App.CTexarkana
2005, no pet.) (pointing out that the executor has a statutory and a fiduciary
duty to protect the interests of devisees).





[28]See Roberson
v. Hunt, 179 S.W.2d 315, 316 (Tex. Civ. App.CSan
Antonio 1944, no writ) (noting that it is the duty of the executor to defend
the will).





[29]Duncan
Land & Exploration, Inc. v. Littlepage, 984 S.W.2d 318, 330
(Tex. App.CFort
Worth 1998, pet. denied).





[30]Interfirst
Bank‑Houston, N.A. v. Quintana Petroleum Corp., 699
S.W.2d 864, 874 (Tex. App.CHouston [1st Dist.] 1985,
writ ref=d
n.r.e.); see also Grinnell v. Munson, 137 S.W.3d 706, 714 (Tex. App.CSan
Antonio 2004, no pet.) (stating that A[a] beneficiary is authorized
to enforce an action when the trustee cannot or will not enforce it@).





[31]Interfirst
Bank‑Houston, 699 S.W.2d at 874.





[32]See TEX. R. APP. P.
47.1.





[33]See Petty
v. Petty, 592 S.W.2d 423, 426B27 (Tex. Civ. App.CDallas
1979, no writ) (reversing the trial court=s judgment and addressing in
the interest of judicial economy a question raised by the parties that was
likely to be raised again on remand).





[34]TEX. PROP. CODE ANN. '
113.001 (Vernon 2007).