# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH


### NO. 2-07-302-CV

ESTATE OF ELIZABETH L. WEBB,
DECEASED

------------

FROM PROBATE COURT NO. 1 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

This appeal arises out of a settlement agreement between the beneficiaries under the will of Elizabeth L. Webb and the independent executor of the estate of Harley D. Webb, Jr., Elizabeth's husband. Appellant Richard L. Page, trustee of the Harley D. Webb, Jr. Family Trust, appeals from the trial court's striking of his intervention in the cause of action brought by Appellees Marsha Webb and David Webb, Elizabeth's children ("the Webb children"), against Appellee Hershel R. Payne as independent executor of the estate of

---

[1] *See* TEX. R. APP. P. 47.4.

Harley.  Appellee Catholic Charities Diocese of Fort Worth, Inc. ("the Diocese")

had intervened and was also a party to the underlying lawsuit.  Because we

hold that the trial court did not abuse its discretion by striking Page's plea in

intervention, we affirm the trial court's order.

## FACTS AND PROCEDURAL HISTORY

In 1982, Elizabeth executed a will in which she named Harley as

independent executor of her estate.  The will created the Elizabeth Webb Family

Trust ("the Family Trust"), to which she bequeathed the maximum amount that

would result in no federal estate tax payable by her estate.  Harley, as executor,

was given the power and sole discretion to satisfy the devise and select which

assets of Elizabeth's estate would be used to fund the trust.  The will named

Continental National Bank as trustee and directed the bank to pay to Harley, as

long as he was living, such part of the income or corpus of the trust that the

trustee deemed proper for Harley's support and the support of the Webb

children.  The will gave Harley the power during his lifetime to "consume,

invade, or appropriate the corpus of the trust for his support," but that power

had to be "exercised by written instrument, executed and acknowledge by him,

and delivered, during his lifetime, to [the] trustee."  The will further provided

that on Harley's death, the property held in the Family Trust would pass to the

trustee to hold in a separate trust for the benefit of Elizabeth's descendants.

2

Upon the death of the last trust beneficiary, the corpus of the trust would pass to the Diocese.

Elizabeth Webb died on May 10, 1993. Harley and the Webb children survived her. Elizabeth's will was admitted to probate. Harley died in February 2005, apparently without ever funding the trust. According to Appellees, Chase Bank, successor in interest to Continental National Bank, never accepted the Family Trust and there was no functioning trustee under the will. Harley had executed a will in 2002; the will created the Harley D. Webb, Jr. Family Trust ("Harley's trust"), to be funded by his residuary estate. The will named Page as trustee of the Harley trust.

On December 21, 2005, the Webb children filed the underlying lawsuit against Payne, as independent executor of Harley's estate, seeking to have the Family Trust funded and to recover damages for Harley's failure to fund the trust. The Diocese intervened in May 2006. Trial was set for the week of January 23, 2007, but the parties executed a settlement agreement prior to trial. Because the settlement required the modification of the Family Trust, the parties filed an original petition seeking modification of the trust under section 112.054 of the Texas Trust Code and approval of the settlement agreement.

A hearing on the modification petition was scheduled for January 25, 2007. On that morning, Page filed a plea in intervention. The Webb children

and the Diocese filed motions to strike his intervention on multiple grounds. They argued that Page had no justiciable interest in the suit; that intervention would serve only to complicate the case by an excessive multiplication of the issues; that the intervention was untimely; that Page was estopped from intervening by the doctrine of quasi-estoppel; and that the attempted intervention was nothing more than Page's attempt to prevent the Webb children from receiving support from the Family Trust. In response, Page essentially alleged three claims of a justiciable interest justifying his intervention. First, he alleged that in his plea in intervention he had filed declaratory judgment claims under section 37.005 of the Texas Civil Practice and Remedies Code and that the statute gave him "an absolute right" to assert such claims. Second, Page alleged that the agreement attempted to prevent him from seeking redress against Payne for any breach by Payne of his duties as executor of Harley's estate. Third, he claimed that the settlement agreement would "necessarily diminish the assets that ultimately would be transferred to Page as trustee."

The trial court granted the motions to strike without stating in its order the grounds on which it based its ruling; however, prior to entering the order, the court had sent a letter to the parties stating that it was of the opinion that

4

under Texas Trust Code section 115.011(b), Page was not a necessary party. The court also severed Page's cross-claims. This appeal followed.

## STANDARD OF REVIEW

We review for an abuse of discretion a trial court's determination on a motion to strike a plea in intervention.[2] To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable.[3] Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred.[4]

## ANALYSIS

Rule 60 of the Texas Rules of Civil Procedure provides that "[a]ny party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party."[5] When a motion to strike the

---

[2] *Law Offices of Windle Turley, P.C. v. Ghiasinejad*, 109 S.W.3d 68, 70 (Tex. App.—Fort Worth 2003, no pet.).

[3] *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied*, 476 U.S. 1159 (1986).

[4] *Id*.

[5] TEX. R. CIV. P. 60.

5

intervention is filed, "the burden shifts to the intervenor to show a justiciable interest in the lawsuit."[6] This interest must be more than "a mere contingent or remote interest."[7] The intervenor has a justiciable interest in a lawsuit "when his interests will be affected by the litigation."[8]

In Page's first issue, he argues that the appellate record establishes a prima facie case for his standing, and thus, the trial court abused its discretion if it granted the Webb children's and the Diocese's motions to strike based on standing. In his second issue, he argues that the trial court abused its discretion by striking his motion to intervene. Page asserts that he has a justiciable interest in the outcome of this action (and therefore has standing) in that (1) the proposed settlement agreement threatens injury to him, (2) the risk of threatened injury is traceable to the pending action, and (3) allowing him to intervene will allow his objections to be redressed. He claims that the proposed settlement agreement threatens injury to him because the underlying lawsuit attempts to recover damages from Harley's estate and provides that assets of Harley's estate will be transferred to Elizabeth's estate; Payne will be released from liability under the settlement agreement but Page will not; and Payne is

---

[6] *Law Offices of Windle Turley*, 109 S.W.3d at 70.

[7] *Id.*

[8] *Id.*

"buying his way out of a dispute at the expense of Page." He contends that allowing him to intervene would allow his concern—that the estate assets that he owns as trustee will be dissipated—to be addressed. He also claims that despite payment by Harley's estate, "the trust [presumably Harley's trust] will continue to be subject to potential litigation" with the Webb children.

Page makes only one argument on appeal that was also raised in the trial court with respect to having a justiciable interest: that the funding of the settlement agreement will diminish the assets that would ultimately be available to be distributed to Harley's trust. We hold that this interest does not rise to the level of a justiciable interest, and even if it does, the trial court did not abuse its discretion by striking Page's intervention.

Page does not argue that having less property transferred to the trust threatens any harm to him other than the fact that Harley's trust will have fewer assets. Page acknowledged to the trial court that executors usually have the right to pay claims asserted against an estate. And this "harm" was provided for and authorized by the trust instrument. Harley's will expressly directs the executor, Payne, to pay "all claims which are in the opinion of [Payne] legally enforceable against [Harley's estate]" and to do so "out of any available assets or the income from those assets" of the residuary estate. The executor is also authorized "to select and value assets to fund the trusts

7

created by [Harley's] will, and to make other decisions concerning the assets and administration of [Harley's] estate." Finally, the will authorizes the executor "to distribute any part or all of [Harley's] estate in satisfaction or partial satisfaction of any gift, including any gift to a trustee, at such time as [the executor] deems advisable." Thus, under the terms of Harley's will, Payne is permitted to settle any claims against the estate out of assets devised to Harley's trust. Harley's will therefore necessarily contemplates that the amount of property devised to the trust would be diminished by payment by the executor of claims against the estate and that the trustee would not have management of trust property until after the resolution of these claims. Page as trustee of Harley's trust has no authority or right under the trust instrument to complain about Payne's using any particular property in the settlement of the underlying claim or about Payne's settlement of claims that he believes are legally enforceable against Harley's estate.[9] Because Page has not shown that he has an interest affected by this litigation that is more than merely contingent or remote, we hold that Page did not assert a justiciable interest in this case.

---

[9] *See* TEX. PROP. CODE ANN. § 113.001 (Vernon 2007) (providing that the instrument creating a trust may limit the power a trustee would otherwise have by statute).

Even if Page had asserted a justiciable interest, the trial court nevertheless did not abuse its discretion in striking his intervention. Even if an intervenor has a justiciable interest, the trial court has considerable discretion in determining whether the plea in intervention should be struck.[10] It is, however, an abuse of discretion to strike a plea in intervention if (1) "the intervenor could have brought the same action, or any part thereof, in his own name"; "(2) the intervention will not complicate the case by an excessive multiplication of the issues, and (3) the intervention is almost essential to effectively protect the intervenor's interest."[11] Page cannot show that he meets the first or third prong of this standard, and he has not demonstrated that the trial court otherwise abused its discretion by striking his intervention.

Section 112.054 of the Texas Trust Code allows for the modification or termination of a trust, providing that on the petition of *a trustee or a beneficiary*, a court may order, among other things, "that the trustee be changed, that the terms of the trust be modified, [and] that the trustee be . . . permitted to do acts that are not authorized or that are forbidden by the terms

---

[10] *Id.*; *see also Pettus v. Pettus*, 237 S.W.3d 405, 420 (Tex. App.—Fort Worth 2007, pet. denied).

[11] *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990); *see also Pettus*, 237 S.W.3d at 420.

of the trust."[12] Page is not a beneficiary or trustee of the Family Trust. And Page was neither a necessary party to a suit under the Texas Trust Code asking a court to modify or construe a trust nor an "interested person" who could bring such an action or who was entitled to be heard in a probate court proceeding concerning Elizabeth's estate.[13] Furthermore, "notwithstanding the

---

[12] TEX. PROP. CODE ANN. § 112.054(a) (Vernon 2007).

[13] *See* TEX. PROP. CODE ANN. § 115.001 (Vernon Supp. 2008) (stating that a district court has jurisdiction over all proceedings by or against a trustee and all proceedings concerning trusts, and this jurisdiction is exclusive except for jurisdiction conferred on other courts, including a statutory probate court), § 115.011 (Vernon 2007) (stating that an "interested person" may bring an action under section 115.001, but the only necessary parties to such an action are beneficiaries, persons receiving distributions from the trust, and the trustee, if the trustee is serving), § 111.004(7) (Vernon 2007 & Supp. 2008) (defining "interested person" as "a trustee, beneficiary, or any other person having an interest in or a claim against the trust or any person who is affected by the administration of the trust"); *Lemke v. Lemke*, 929 S.W.2d 662, 664 (Tex. App.—Fort Worth 1996, writ denied) (reviewing a trial court's division of a marital estate and holding that a wife had no standing to challenge a trust where she was not an "interested person" in a trust in that she was not the trustee or a beneficiary, had no claim or interest in the trust, was not affected by its administration in any way, and did not stand to inherit any of the trust assets upon the death of the trust beneficiary); *see also* TEX. PROP. CODE ANN. § 10 (Vernon 2003) (stating that "[a]ny person interested in an estate may, at any time before any issue in any proceeding is decided upon by the court, file opposition thereto in writing and shall be entitled . . . to be heard upon such opposition"); § 3(r) (Vernon 2003 & Supp. 2008) (defining "interested persons" as "heirs, devisees, spouses, creditors, or any others having a property right in, or claim against, the estate being administered").

provisions in a will, its beneficiaries may agree among themselves on a different division of the property bequeathed to them."[14]

Nor could Page have brought claims against Payne as representative of Harley's estate for failure to fund the Family Trust, the claims that the settlement agreement resolves. Page was not named in Elizabeth's will as an executor, a trustee, a beneficiary, or in any other capacity. His status as named trustee of Harley's trust gave him an interest in Elizabeth's estate only as to the property left outright to Harley and subsequently bequeathed to Page as trustee of the Harley trust. Had Harley properly funded the Family Trust under Elizabeth's will, the property placed in it would not have become part of his estate when he died because under the terms of Elizabeth's will, the assets of the Family Trust passed to Harley only for his lifetime. When he died, any remaining assets of the Family Trust passed to the trustee to hold in a separate trust for the benefit of Elizabeth's descendants—the Webb children—and not into Harley trust's (and thus not to Page as trustee). Thus, Page could not have brought this action in his own name; having suffered no injury from Harley's failure to fund the Family Trust, he would have had no standing to bring such

---

[14] *Shepherd v. Ledford*, 926 S.W.2d 405, 414 (Tex. App.—Fort Worth 1996), *aff'd*, 962 S.W.2d 28 (Tex. 1998); *see also Wade v. Wade*, 140 Tex. 339, 167 S.W.2d 1008, 1010 (1943).

a claim.[15]  Further, Payne, as executor of Harley's estate, represented the estate's interest in the suit and the settlement.[16]

Further, Page has not shown that his intervention is almost essential to effectively protect his interest because, as discussed above, Harley's will gives Payne as executor the authority and discretion to use assets of Harley's residuary estate (which would otherwise ultimately be distributed to Harley's trust) to pay claims against Harley's estate.  Thus, to the extent that any property of Elizabeth's estate became part of Harley's residuary estate, under the terms of Harley's will, Payne, not Page, has the discretion to settle claims using any property in Harley's residuary estate.  Accordingly, we hold that the trial court did not abuse its discretion by striking Page's plea in intervention. Because we hold that Page did not assert a justiciable interest in this controversy and that, even if Page had asserted a justiciable interest, the trial

---

[15] *Brown v. Todd*, 53 S.W.3d 297, 305 (Tex. 2001) (stating that standing requires a distinct injury to the plaintiff); *see also* TEX. PROB. CODE ANN. § 10 (allowing claims by "interested persons"); TEX. PROP. CODE ANN. § 115.011 (same).

[16] *See* TEX. PROB. CODE ANN. § 233A (Vernon 2003) (stating that an executor or administrator of an estate, as personal representative of the estate, may bring suit "for the recovery of personal property, debts, or damages" owed the estate).

court did not abuse its discretion by striking his intervention, we overrule Page's two issues.

## CONCLUSION

Having overruled both of Page's issues, we affirm the trial court's order.

LEE ANN DAUPHINOT
JUSTICE

PANEL:  LIVINGSTON, DAUPHINOT, and GARDNER, JJ.

DELIVERED:  August 29, 2008