COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-302-CV

 

 

ESTATE OF ELIZABETH L.
WEBB, 

DECEASED

 

                                              ------------

 

               FROM PROBATE
COURT NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








This appeal arises out of a settlement agreement
between the beneficiaries under the will of Elizabeth L. Webb and the
independent executor of the estate of Harley D. Webb, Jr., Elizabeth=s
husband.  Appellant Richard L. Page,
trustee of the Harley D. Webb, Jr. Family Trust, appeals from the trial court=s
striking of his intervention in the cause of action brought by Appellees Marsha
Webb and David Webb, Elizabeth=s
children (Athe Webb children@),
against Appellee Hershel R. Payne as independent executor of the estate of
Harley.  Appellee Catholic Charities
Diocese of Fort Worth, Inc. (Athe
DioceseA) had
intervened and was also a party to the underlying lawsuit.  Because we hold that the trial court did not
abuse its discretion by striking Page=s plea
in intervention, we affirm the trial court=s order.

                                FACTS AND PROCEDURAL HISTORY








In 1982, Elizabeth executed a will in which she
named Harley as independent executor of her estate.  The will created the Elizabeth Webb Family
Trust (Athe
Family Trust@), to which she bequeathed the
maximum amount that would result in no federal estate tax payable by her
estate.  Harley, as executor, was given
the power and sole discretion to satisfy the devise and select which assets of
Elizabeth=s estate would be used to fund
the trust.  The will named Continental
National Bank as trustee and directed the bank to pay to Harley, as long as he
was living, such part of the income or corpus of the trust that the trustee
deemed proper for Harley=s support and the support of the
Webb children.  The will gave Harley the
power during his lifetime to Aconsume,
invade, or appropriate the corpus of the trust for his support,@ but
that power had to be Aexercised by written instrument,
executed and acknowledge by him, and delivered, during his lifetime, to [the]
trustee.@  The will further provided that on Harley=s death,
the property held in the Family Trust would pass to the trustee to hold in a
separate trust for the benefit of Elizabeth=s
descendants.  Upon the death of the last
trust beneficiary, the corpus of the trust would pass to the Diocese.

Elizabeth Webb died on May 10, 1993.  Harley and the Webb children survived
her.  Elizabeth=s will
was admitted to probate.  Harley died in
February 2005, apparently without ever funding the trust.  According to Appellees, Chase Bank, successor
in interest to Continental National Bank, never accepted the Family Trust and
there was no functioning trustee under the will.  Harley had executed a will in 2002; the will
created the Harley D. Webb, Jr. Family Trust (AHarley=s trust@), to be
funded by his residuary estate.  The will
named Page as trustee of the Harley trust.

On December 21, 2005, the Webb children filed the
underlying lawsuit against Payne, as independent executor of Harley=s
estate, seeking  to have the Family Trust
funded and to recover damages for Harley=s
failure to fund the trust.  The Diocese
intervened in May 2006.  Trial was set
for the week of January 23, 2007, but the parties executed a settlement
agreement prior to trial.  Because the
settlement required the modification of the Family Trust, the parties filed an
original petition seeking modification of the trust under section 112.054 of
the Texas Trust Code and approval of the settlement agreement.








A hearing on the modification petition was
scheduled for January 25, 2007.  On that
morning, Page filed a plea in intervention. 
The Webb children and the Diocese filed motions to strike his
intervention on multiple grounds.  They
argued that Page had no justiciable interest in the suit; that intervention
would serve only to complicate the case by an excessive multiplication of the
issues; that the intervention was untimely; that Page was estopped from
intervening by the doctrine of quasi-estoppel; and that the attempted
intervention was nothing more than Page=s
attempt to prevent the Webb children from receiving support from the Family
Trust.  In response, Page essentially
alleged three claims of a justiciable interest justifying his intervention.  First, he alleged that in his plea in
intervention he had filed declaratory judgment claims under section 37.005 of
the Texas Civil Practice and Remedies Code and that the statute gave him Aan
absolute right@ to assert such claims.  Second, Page alleged that the agreement
attempted to prevent him from seeking redress against Payne for any breach by
Payne of his duties as executor of Harley=s
estate.  Third, he claimed that the settlement
agreement would Anecessarily diminish the assets
that ultimately would be transferred to Page as trustee.@








The trial court granted the motions to strike without
stating in its order the grounds on which it based its ruling; however, prior
to entering the order, the court had sent a letter to the parties stating that
it was of the opinion that under Texas Trust Code section 115.011(b), Page was
not a necessary party.  The court also
severed Page=s cross-claims.  This appeal followed.

                                       STANDARD
OF REVIEW

We review for an abuse of discretion a trial
court=s
determination on a motion to strike a plea in intervention.[2]  To determine whether a trial court abused its
discretion, we must decide whether the trial court acted without reference to
any guiding rules or principles; in other words, we must decide whether the act
was arbitrary or unreasonable.[3]  Merely because a trial court may decide a
matter within its discretion in a different manner than an appellate court
would in a similar circumstance does not demonstrate that an abuse of
discretion has occurred.[4]

                                              ANALYSIS








Rule 60 of the Texas Rules of Civil Procedure
provides that A[a]ny party may intervene by
filing a pleading, subject to being stricken out by the court for sufficient
cause on the motion of any party.@[5]  When a motion to strike the intervention is
filed, Athe burden
shifts to the intervenor to show a justiciable interest in the lawsuit.@[6]  This interest must be more than Aa mere
contingent or remote interest.@[7]  The intervenor has a justiciable interest in
a lawsuit Awhen his interests will be
affected by the litigation.@[8]








In Page=s first
issue, he argues that the appellate record establishes a prima facie case for
his standing, and thus, the trial court abused its discretion if it granted the
Webb children=s and the Diocese=s
motions to strike based on standing.  In
his second issue, he argues that the trial court abused its discretion by
striking his motion to intervene.  Page
asserts that he has a justiciable interest in the outcome of this action (and
therefore has standing) in that (1) the proposed settlement agreement threatens
injury to him, (2) the risk of threatened injury is traceable to the pending
action, and (3) allowing him to intervene will allow his objections to be
redressed.  He claims that the proposed
settlement agreement threatens injury to him because the underlying lawsuit
attempts to recover damages from Harley=s estate
and provides that assets of Harley=s estate
will be transferred to Elizabeth=s
estate; Payne will be released from liability under the settlement agreement
but Page will not; and Payne is Abuying
his way out of a dispute at the expense of Page.@  He contends that allowing him to intervene
would allow his concernCthat the estate assets that he
owns as trustee will be dissipatedCto be
addressed.  He also claims that despite
payment by Harley=s estate, Athe
trust [presumably Harley=s trust] will continue to be
subject to potential litigation@ with
the Webb children.

Page makes only one argument on appeal that was
also raised in the trial court with respect to having a justiciable
interest:  that the funding of the
settlement agreement will diminish the assets that would ultimately be
available to be distributed to Harley=s
trust.  We hold that this interest does
not rise to the level of a justiciable interest, and even if it does, the trial
court did not abuse its discretion by striking Page=s
intervention.








Page does not argue that having less property
transferred to the trust threatens any harm to him other than the fact that
Harley=s trust
will have fewer assets.  Page
acknowledged to the trial court that executors usually have the right to pay
claims asserted against an estate.  And
this Aharm@ was
provided for and authorized by the trust instrument.  Harley=s will
expressly directs the executor, Payne, to pay Aall
claims which are in the opinion of [Payne] legally enforceable against [Harley=s
estate]@ and to
do so Aout of
any available assets or the income from those assets@ of the
residuary estate.  The executor is also
authorized Ato select and value assets to
fund the trusts created by [Harley=s] will,
and to make other decisions concerning the assets and administration of [Harley=s]
estate.@  Finally, the will authorizes the executor Ato
distribute any part or all of [Harley=s]
estate in satisfaction or partial satisfaction of any gift, including any gift
to a trustee, at such time as [the executor] deems advisable.@  Thus, under the terms of Harley=s will,
Payne is permitted to settle any claims against the estate out of assets
devised to Harley=s trust.  Harley=s will
therefore necessarily contemplates that the amount of property devised to the
trust would be diminished by payment by the executor of claims against the
estate and that the trustee would not have management of trust property until
after the resolution of these claims. 
Page as trustee of Harley=s trust
has no authority or right under the trust instrument to complain about Payne=s using
any particular property in the settlement of the underlying claim or about
Payne=s
settlement of claims that he believes are legally enforceable against Harley=s
estate.[9]  Because Page has not shown that he has an
interest affected by this litigation that is more than merely contingent or remote,
we hold that Page did not assert a justiciable interest in this case.








Even if Page had asserted a justiciable interest,
the trial court nevertheless did not abuse its discretion in striking his
intervention.  Even if an intervenor has
a justiciable interest, the trial court has considerable discretion in
determining whether the plea in intervention should be struck.[10]  It is, however, an abuse of discretion to
strike a plea in intervention if (1) Athe
intervenor could have brought the same action, or any part thereof, in his own
name@; A(2) the
intervention will not complicate the case by an excessive multiplication of the
issues, and (3) the intervention is almost essential to effectively protect the
intervenor=s interest.@[11]  Page cannot show that he meets the first or
third prong of this standard, and he has not demonstrated that the trial court
otherwise abused its discretion by striking his intervention.













Section 112.054 of the Texas Trust Code allows
for the modification or termination of a trust, providing that on the petition
of a trustee or a beneficiary, a court may order, among other things, Athat the
trustee be changed, that the terms of the trust be modified, [and] that the
trustee be . . . permitted to do acts that are not authorized or that
are forbidden by the terms of the trust.@[12]  Page is not a beneficiary or trustee of the
Family Trust.  And Page was neither a
necessary party to a suit under the Texas Trust Code asking a court to modify
or construe a trust nor an Ainterested
person@ who
could bring such an action or who was entitled to be heard in a probate court
proceeding concerning Elizabeth=s
estate.[13]  Furthermore, Anotwithstanding
the provisions in a will, its beneficiaries may agree among themselves on a
different division of the property bequeathed to them.@[14]








Nor could Page have brought claims against Payne
as representative of Harley=s estate
for failure to fund the Family Trust, the claims that the settlement agreement
resolves.  Page was not named in
Elizabeth=s will as an executor, a
trustee, a beneficiary, or in any other capacity.  His status as named trustee of Harley=s trust
gave him an interest in Elizabeth=s estate
only as to the property left outright to Harley and subsequently bequeathed to
Page as trustee of the Harley trust.  Had
Harley properly funded the Family Trust under Elizabeth=s will,
the property placed in it would not have become part of his estate when he died
because under the terms of Elizabeth=s will,
the assets of the Family Trust passed to Harley only for his lifetime.  When he died, any remaining assets of the
Family Trust passed to the trustee to hold in a separate trust for the benefit
of Elizabeth=s descendantsCthe Webb
childrenCand not
into Harley trust=s (and thus not to Page as
trustee).  Thus, Page could not have
brought this action in his own name; having suffered no injury from Harley=s
failure to fund the Family Trust, he would have had no standing to bring such a
claim.[15]  Further, Payne, as executor of Harley=s
estate, represented the estate=s
interest in the suit and the settlement.[16]

Further, Page has not shown that his intervention
is almost essential to effectively protect his interest because, as discussed
above, Harley=s will gives Payne as executor
the authority and discretion to use assets of Harley=s
residuary estate (which would otherwise ultimately be distributed to Harley=s trust)
to pay claims against Harley=s
estate.  Thus, to the extent that any
property of Elizabeth=s estate became part of Harley=s
residuary estate, under the terms of Harley=s will,
Payne, not Page, has the discretion to settle claims using any property in
Harley=s
residuary estate.  Accordingly, we hold
that the trial court did not abuse its discretion by striking Page=s plea
in intervention.  Because we hold that Page
did not assert a justiciable interest in this controversy and that, even if
Page had asserted a justiciable interest, the trial court did not abuse its
discretion by striking his intervention, we overrule Page=s two
issues.








                                             CONCLUSION

Having overruled both of Page=s
issues, we affirm the trial court=s order.

 

 

LEE
ANN DAUPHINOT

JUSTICE

 

PANEL:  LIVINGSTON, DAUPHINOT,
and GARDNER, JJ.

DELIVERED:  August 29, 2008











[1]See TEX. R. APP. P. 47.4.





[2]Law Offices of Windle
Turley, P.C. v. Ghiasinejad, 109 S.W.3d 68, 70 (Tex. App.CFort Worth 2003, no pet.).





[3]Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241B42 (Tex. 1985), cert. denied, 476 U.S.
1159 (1986).





[4]Id.





[5]TEX. R. CIV. P. 60.





[6]Law Offices of Windle
Turley,
109 S.W.3d at 70.





[7]Id.





[8]Id.





[9]See TEX. PROP. CODE ANN. ' 113.001 (Vernon 2007)
(providing that the instrument creating a trust may limit the power a trustee
would otherwise have by statute).





[10]Id.; see also Pettus
v. Pettus, 237 S.W.3d 405, 420 (Tex. App.CFort Worth 2007, pet.
denied).





[11]Guar. Fed. Sav. Bank v.
Horseshoe Operating Co., 793 S.W.2d 652, 657 (Tex. 1990); see also Pettus, 237 S.W.3d
at 420.





[12]TEX. PROP. CODE ANN. ' 112.054(a) (Vernon
2007).





[13]See TEX. PROP. CODE ANN. ' 115.001 (Vernon Supp.
2008) (stating that a district court has jurisdiction over all proceedings by
or against a trustee and all proceedings concerning trusts, and this
jurisdiction is exclusive except for jurisdiction conferred on other courts,
including a statutory probate court), ' 115.011 (Vernon 2007) (stating that an Ainterested person@ may bring an action
under section 115.001, but the only necessary parties to such an action are
beneficiaries, persons receiving distributions from the trust, and the trustee,
if the trustee is serving), ' 111.004(7) (Vernon 2007 & Supp. 2008)
(defining Ainterested person@ as Aa trustee, beneficiary,
or any other person having an interest in or a claim against the trust or any
person who is affected by the administration of the trust@); Lemke v. Lemke,
929 S.W.2d 662, 664 (Tex. App.CFort Worth 1996, writ denied) (reviewing a trial
court=s division of a marital
estate and holding that a wife had no standing to challenge a trust where she
was not an Ainterested person@ in a trust in that she
was not the trustee or a beneficiary, had no claim or interest in the
trust,  was not affected by its
administration in any way, and did not stand to inherit any of the trust assets
upon the death of the trust beneficiary); see also TEX. PROP. CODE ANN. ' 10 (Vernon 2003)
(stating that A[a]ny person interested
in an estate may, at any time before any issue in any proceeding is decided
upon by the court, file opposition thereto in writing and shall be entitled . .
. to be heard upon such opposition@); ' 3(r) (Vernon 2003 & Supp. 2008) (defining Ainterested persons@ as Aheirs, devisees, spouses,
creditors, or any others having a property right in, or claim against, the
estate being administered@).





[14]Shepherd v. Ledford, 926 S.W.2d 405, 414
(Tex. App.CFort Worth 1996), aff=d, 962 S.W.2d 28 (Tex.
1998); see also Wade v. Wade, 140 Tex. 339, 167 S.W.2d 1008, 1010
(1943).





[15]Brown v. Todd, 53 S.W.3d 297, 305
(Tex. 2001) (stating that standing requires a distinct injury to the
plaintiff); see also TEX.
PROB. CODE ANN. ' 10 (allowing claims by Ainterested persons@); TEX. PROP. CODE ANN. ' 115.011 (same).





[16]See TEX. PROB. CODE ANN. ' 233A (Vernon 2003)
(stating that an executor or administrator of an estate, as personal
representative of the estate, may bring suit Afor the recovery of
personal property, debts, or damages@ owed the estate).