

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00354-CV

---

J. FUENTES COLLEYVILLE, L.P.
D/B/A GLORIA'S RESTAURANT;
JOSE FUENTES COLLEYVILLE,
INC. D/B/A GLORIA'S
RESTAURANT; AND CARLOS
FUENTES, INC. D/B/A GLORIA'S
RESTAURANT

APPELLANTS

V.

A.S., INDIVIDUALLY AND AS NEXT
FRIEND OF K.S., A MINOR CHILD;
KRISTEN HAYTER; AND
CONSUMERS COUNTY MUTUAL
INSURANCE COMPANY

APPELLEES

----------

## FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 096-276274-15

----------

## OPINION

----------

## I. INTRODUCTION

A party with a justiciable interest in a pending suit may intervene as a matter of right, but trial courts have long possessed broad discretion to strike a plea in intervention, even when the intervenor has a justiciable interest. *See In re Union Carbide Corp.*, 273 S.W.3d 152, 154 (Tex. 2008) (orig. proceeding); *Law Offices of Windle Turley, P.C. v. Ghiasinejad*, 109 S.W.3d 68, 70 (Tex. App.—Fort Worth 2003, no pet.). We consider in this appeal (1) whether Appellants J. Fuentes Colleyville, L.P. d/b/a Gloria's Restaurant, Jose Fuentes Colleyville, Inc. d/b/a Gloria's Restaurant, and Carlos Fuentes, Inc., d/b/a Gloria's Restaurant have a justiciable interest in a lawsuit that Appellee A.S., individually and as next friend of K.S., a minor child, filed against Kristen Hayter and Consumers County Mutual Insurance Company to obtain judicial approval of a settlement that A.S. reached with Hayter and a settlement that A.S. reached with Consumers and (2) whether the trial court could have exercised its discretion to strike Appellants' plea even if they have a justiciable interest. We resolve both issues against Appellants. We will affirm.

## II. BACKGROUND

K.S. sustained injuries on January 1, 2014, when a vehicle that Hayter was allegedly operating while intoxicated struck the vehicle in which K.S. was a passenger. A.S., in both her individual capacity and as K.S.'s next friend, later reached settlement agreements with both Hayter's automobile liability insurance carrier and Consumers, the carrier of A.S.'s underinsured automobile insurance.

2

On January 6, 2015, A.S., both individually and as K.S.'s next friend, filed a self-described "friendly suit" in Tarrant County district court against Hayter and Consumers. Among other things, the petition contained a brief recitation of facts that included statements that Hayter was driving "while he was intoxicated," that Hayter failed to notice the vehicle that K.S. was in "[d]ue to [his] intoxication," and that "[a]s a result," he collided with the vehicle that K.S. was in. The petition also contained the following four allegations:

8. Defendant Hayter had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein. Defendant Hayter breached his duty, was negligent and, as a result of his negligence, [K.S.] was injured.

9. There have been no allegations that the driver of the vehicle being occupied by [K.S.] was negligent in any way or contributed to [K.S.'s] damages or [A.S.'s] damages.

10. Defendant Consumers and [A.S.] were in a contractual relationship whereby Defendant Consumers agreed to provide Uninsured/Underinsured coverage to [A.S.]. [A.S.] has made a claim pursuant to such agreement.

11. [A.S.] alleges Defendant Hayter was *underinsured* at the time of the injuries and damages, as that term is defined in the contract providing the protection.

Under the "Damages" section, the petition stated,

12. The damages, which are unliquidated, are within the jurisdictional limits of the Court.

13. The damages exceed the liability coverage of Defendant Hayter and the UIM coverage agreed to by Defendant Consumers.

3

14. The parties have negotiated settlements of Plaintiff's claims and seek the Court's approval of such settlements.

The petition then set out the following paragraphs:

**15. All claims, disputes and causes of action of any nature against Defendant Hayter have been fully and finally settled and resolved in this case for the sum of $30,000, which is the limit of liability insurance coverage of Defendant Hayter, without any admission regarding the truthfulness of the allegations contained herein.** *The purpose of this lawsuit is so that this settlement may be presented to the Court for approval.*

**16. Additionally, all claims, disputes and causes of action of any nature against Defendant Consumers have been fully and finally settled and resolved in this case for the sum of $100,000, which is the limit of UIM insurance coverage of Plaintiff, without any admission regarding the truthfulness of the allegations contained herein.** *The purpose of this lawsuit is so that this settlement may also be presented to the Court for approval.* [Emphasis added.]

The petition prayed "that the Defendants appear and answer herein; that the Court appoint a guardian ad litem and conduct a minor prove-up hearing; and that the Court approve the settlements agreed to by the parties."

On the same day, Consumers filed a general denial and a motion to appoint K.S. a guardian ad litem. The trial court signed an order appointing K.S. a guardian ad litem on January 16, 2015. *See* Tex. R. Civ. P. 173.2(a)(1). Hayter filed a general denial on February 2, 2015.

On April 29, 2015, A.S., individually and as next friend of K.S., filed an original petition in Dallas County district court against Appellants. The petition alleged that they had violated the Dram Shop Act because on January 1, 2014,

4

they had provided Hayter with alcoholic beverages when it was apparent to them that he was "obviously intoxicated to the extent that he presented a clear danger to himself and others" and because Hayter's intoxication had proximately caused the ensuing collision that led to K.S.'s injuries.

On June 15, 2015, Appellants filed a plea in intervention in the Tarrant County suit. Appellants confirmed that they were not seeking money damages but that they were instead intervening "to defend and defeat" A.S.'s allegations (i) that Hayter was intoxicated when his vehicle collided with the vehicle that K.S. was riding in and (ii) that his intoxication was a proximate cause of the collision and A.S.'s and K.S.'s injuries and damages—allegations that were common to both the Tarrant County and Dallas County suits. Appellants later filed an amended plea in intervention and crossclaims.

A.S. filed a motion to strike Appellants' plea in intervention, arguing that they had no justiciable interest in the suit, that intervention was not essential to protect their interests, and that intervention would complicate and delay the case by an excessive multiplication of issues. Both Hayter and Consumers filed an objection to Appellants' plea in intervention and adopted the objections lodged by A.S.

On September 4, 2015, the trial court conducted a minor prove-up hearing and found that the settlements with Hayter and Consumers were in K.S.'s best interest. Two weeks later, after a hearing, the trial court signed an order granting

5

A.S.'s motion to strike and orally approved the parties' respective settlements.[1] The trial court later signed an agreed final judgment that, among other things, approved the settlement agreements and releases of all claims between the parties to the Tarrant County suit.

### III. JUSTICIABLE INTEREST AND TRIAL COURT DISCRETION

Appellants argue in their first issue that the trial court abused its discretion by striking their plea in intervention. They contend that they have a justiciable interest in the Tarrant County suit because K.S. could have joined them as defendants under rule of civil procedure 40, as the claims asserted against Hayter in the Tarrant County suit and the claims asserted against Appellants in the Dallas County suit arose out of the same series of occurrences and were based on common questions of law or fact—Hayter's alleged intoxication and the proximate cause of A.S. and K.S.'s damages. *See* Tex. R. Civ. P. 40. Appellants also argue that rule of civil procedure 39(a)(1) "completely eliminated" the trial court's discretion to strike their plea in intervention because A.S. alleged that her damages exceeded the limits of Hayter's liability policy and A.S.'s underinsured policy with Consumers.

A.S. responds that Appellants lack standing to intervene in the Tarrant County suit because it "was not a suit to adjudicate the liability of Hayter" but only

---

[1]The order granting the motion to strike did not give a reason for the ruling.

6

"a 'friendly suit' to approve a settlement on behalf of a minor claimant to whom Appellants bear no relation."

"Any party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party." Tex. R. Civ. P. 60. Once a motion to strike has been filed, the burden shifts to the intervenor to show a justiciable interest in the lawsuit. *Union Carbide Corp.*, 273 S.W.3d at 155; *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990). A party has a justiciable interest in a lawsuit, and thus a right to intervene, when his interests will be affected by the litigation. *Law Offices of Windle Turley, P.C.*, 109 S.W.3d at 70. In other words, the interest is "analogous to that essential for a party to maintain or defend an action." *McCord v. Watts*, 777 S.W.2d 809, 811–12 (Tex. App.—Austin 1989, no writ); *see Guar. Fed. Sav. Bank*, 793 S.W.2d at 657 (providing that a person has a right to intervene "if the intervenor could have brought the same action, or any part thereof, in his own name, or, if the action had been brought against him, he would be able to defeat recovery, or some part thereof"). The interest asserted by the intervenor may be legal or equitable, but it must not be merely contingent or remote. *Guar. Fed. Sav. Bank*, 793 S.W.2d at 657; *Law Offices of Windle Turley, P.C.*, 109 S.W.3d at 70. Courts review the pleadings to determine whether an intervenor has a justiciable interest. *See McCord*, 777 S.W.2d at 811. If a party cannot show a justiciable interest in the lawsuit, the trial court has sufficient cause to strike the plea in intervention. *Law Offices of Windle Turley, P.C.*, 109 S.W.3d at 70.

7

Further, even if a party has a justiciable interest, and thus a right to intervene in a lawsuit, the trial court still has broad discretion to determine whether the plea in intervention should be struck. *Id.* (additionally explaining that we review a trial court's decision to strike a plea in intervention for an abuse of discretion); *Zeifman v. Michels*, 229 S.W.3d 460, 465 (Tex. App.—Austin 2007, no pet.) ("[T]he ultimate determination of whether an intervention should be struck, even if a justiciable interest is shown, has long been held to be vested in the sound discretion of the trial court."). However, a trial court abuses its discretion by striking a plea in intervention if the intervenor (1) could have brought the same action, or any part of it, in its own name or could have defeated recovery, or some part of it, if the action had been brought against it, (2) the intervention would not complicate the case by excessively multiplying the issues, and (3) the intervention is almost essential to effectively protect the intervenor's interest. *Guar. Fed. Sav. Bank*, 793 S.W.2d at 657.

The problem with Appellants' argument is that it is premised upon a characterization of the underlying suit that is fundamentally inconsistent with the true nature of the action. Yes, A.S.'s original petition states that Hayter was intoxicated and that his negligence caused K.S.'s injuries, but those statements must be viewed in light of the entire petition, which unambiguously demonstrates that the lawsuit was filed for the sole and specific purpose of obtaining judicial approval of the settlements that A.S., individually and on behalf of K.S., reached with both Hayter and Consumers. *See Gulf, Colo. & Santa Fe Ry. Co. v. Bliss*,

8

368 S.W.2d 594, 599 (Tex. 1963) ("It is a general rule, so well established as to need no citation of authority, that the petition will be construed as favorably as possible for the pleader."). Indeed, consistent with that lone purpose, (i) the four "Allegations" levied against Hayter and Consumers contextualize the "claims, disputes and causes of action" against them that were "fully and finally settled"; (ii) the damages allegations state that the parties have negotiated settlements; (iii) the petition conspicuously states in bold font—twice—that "[t]he purpose of this lawsuit is so that this settlement may be presented to the Court for approval"; (iv) neither Hayter nor Consumers made any admission of liability as part of the settlements; (v) the petition asks the trial court to appoint for K.S. a guardian ad litem; and (vi) the petition prays "that the Court approve the settlements agreed to by the parties." It cannot be said with any seriousness that the original petition reflects a conventional effort to impose liability upon Hayter and Consumers for the purpose of obtaining a judgment against them for damages.[2] *Cf. Gulf Ins. Co. v. Tex. Cas. Ins. Co.*, 580 S.W.2d 645, 647–48 (Tex. Civ. App.— Fort Worth 1979, writ ref'd n.r.e.) (declining to construe "friendly suit" with agreed

---

[2]As A.S. aptly explains,

> The "friendly suit" did not adjudicate liability as to Hayter or [Appellants]. The "friendly suit" did not adjudicate whether Hayter was intoxicated. The "friendly suit" did not adjudicate where Hayter became intoxicated. The "friendly suit" did not adjudicate whether Hayter's intoxication was a proximate cause of the collision giving rise to the claims made on behalf of K.S. The "friendly suit" did not [] adjudicate the amount of K.S.'s damages.

judgment as "actual trial" for purposes of "no action" clause contained in insurance policy).

The question then is whether Appellants have a justiciable interest in A.S.'s suit to obtain judicial approval of the settlements that were made with Hayter and Consumers. They do not. Their plea in intervention included no allegations "involving the trial court's review, approval, entry, and enforcement of the settlement agreement[s]" between A.S., Hayter, and Consumers. *Hurtado v. Gamez*, No. 13-11-00354-CV, 2012 WL 2052199, at *5 (Tex. App.—Corpus Christi June 7, 2012, pet. denied) (mem. op.). Stated otherwise, Appellants' plea in intervention alleged no facts indicating that they have any interest whatsoever that will be affected by the unique litigation between A.S., Hayter, and Consumers. *See Law Offices of Windle Turley, P.C.*, 109 S.W.3d at 70. The trial court could have reasonably granted A.S.'s motion to strike on this basis.[3]

We further conclude that the trial court could have alternatively exercised its broad discretion to strike Appellants' plea in intervention for the other two reasons that A.S. articulated in her motion to strike. *See id.* Specifically, not only are Appellants fully capable of protecting their interests via the Dallas County suit—as A.S. observed, Appellants may "claim contributory negligence against

---

[3]This part of our holding is narrow. We do not hold that the trial court lacked jurisdiction to perform any act other than to approve or reject the settlement agreements between the parties. We simply hold that, on these pleadings, Appellants have no justiciable interest in A.S.'s suit to obtain judicial approval of the settlement agreements.

10

any party, designate any non-party as a responsible third party, require a jury trial, serve discovery on parties and non-parties of their choosing, depose any witness[,] or otherwise [] defend that lawsuit"—but the Tarrant County suit would no doubt be complicated by interjecting Appellants' interests when the only other parties to the suit have already agreed to resolve "[a]ll claims, disputes and causes of action of any nature" between them. *See Guar. Fed. Sav. Bank*, 793 S.W.2d at 657.

Appellants argue that rule of civil procedure 39(a)(1) prohibited the trial court from exercising its discretion because A.S. pleaded that her damages exceeded Hayter's liability coverage and the underinsured motorist coverage provided by Consumers. *See* Tex. R. Civ. P. 39(a)(1) (providing that a person who is subject to service of process "shall" be joined as a party in the action if "in his absence complete relief cannot be accorded among those already parties"). However, Hayter and Consumers were "already parties" when Appellants intervened, and A.S. pleaded that she settled for the limit of each insurance policy. As the sole purpose of the Tarrant County suit was to obtain judicial approval of the settlements, the relief that A.S. obtained from Hayter and Consumers was as complete as it could be.

We hold that the trial court did not abuse its discretion by striking Appellants' plea in intervention. We overrule their first issue.

11

## IV. CROSSCLAIMS

Appellants argue in their second issue that the trial court reversibly erred insofar as its order striking their plea in intervention also struck their crossclaims because no party filed a motion to strike the crossclaims. The trial court properly struck Appellants' first-filed plea in intervention; therefore, its later-filed pleading asserting the crossclaims was of no legal effect.[4] We overrule Appellants' second issue.

## V. FRIVOLOUS APPEAL

A.S. argues that she should be reimbursed her appellate attorneys' fees as damages because this appeal is frivolous. *See* Tex. R. App. P. 45. We disagree and, therefore, deny her request for attorneys' fees as damages.

## VI. CONCLUSION

Having overruled Appellants' two issues, we affirm the trial court's judgment.

/s/ Bill Meier
BILL MEIER
JUSTICE

PANEL: WALKER, MEIER, and SUDDERTH, JJ.

DELIVERED: August 18, 2016

---

[4]Appellants acknowledge that they "explicitly informed" the trial court that they would treat the motion to strike as also applying to their pleading asserting the crossclaims.