

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00306-CV

Christopher **DE LOS SANTOS** as Next Friend on Behalf of C.D.L.S. and V.D.L.S., Minor
Children,
Appellant

v.

**SUPERIOR SHUTTLE, LLC** and Heather Contreras,
Appellees

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2021CI03550
Honorable Martha Tanner, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:          Patricia O. Alvarez, Justice
                 Luz Elena D. Chapa, Justice
                 Irene Rios, Justice

Delivered and Filed: October 31, 2022

AFFIRMED

Appellant Christopher De Los Santos challenges the trial court's order dismissing his

intervention petition. He argues (1) he has a justiciable interest in the appeal, (2) he did not receive

formal notice of the motion to dismiss, and (3) he was legally entitled to intervene on behalf of his

children. We affirm.

## BACKGROUND

De Los Santos's children, C.D.L.S. and V.D.L.S., were in an automobile driven by their

mother when it was struck by a vehicle leased for use by Superior Shuttle, LLC and operated by

Heather Contreras in 2019. After more than a year of pre-suit negotiations, the parties agreed to settle the claims. The children's mother brought a friendly suit[1] based on the settlement in February 2021, representing the children as next friend. The following month, upon joint motion by the parties, the trial court appointed a guardian ad litem on behalf of C.D.L.S. and V.D.L.S. to avoid a potential conflict of interest with their mother. The parties noticed a hearing for entry of judgment in May 2021, and De Los Santos filed a petition seeking to intervene in the friendly suit shortly thereafter. De Los Santos served a deposition notice on Superior Shuttle a few weeks later. Superior Shuttle and Contreras moved to quash the deposition.

On July 6, 2021, Superior Shuttle and Contreras filed a brief in support of the motion to quash styled "Defendants' Brief in Support of Motion to Quash and for Protective Order and *Motion to Dismiss Petition in Intervention*" (emphasis added).[2] The following day, the trial court heard argument on the motion to quash and the motion to dismiss.

On July 23, 2021, the trial court granted the motion to dismiss, and this appeal followed.[3]

## DE LOS SANTOS'S RIGHT TO PURSUE THIS APPEAL

Superior Shuttle argues De Los Santos lacks standing to appeal the trial court's final judgment because he was not a party to the final judgment. Superior Shuttle also contends De Los

---

[1] *See Brightwell v. Rabeck*, 430 S.W.2d 252, 256 (Tex. Civ. App.—Fort Worth 1968, writ ref'd n.r.e.) ("[A friendly suit] is such at its institution and remains such if the proposed settlement is approved—with judgment rendered in accord. It has not the character of an adversary proceeding though it might acquire such character if the court refuses to approve the settlement suggested—or the parties thereto refuse to agree to accept a judgment awarding a settlement amount different from that proposed.")

[2] For ease of reference, Superior Shuttle and Contreras are referred to as "Superior Shuttle" for the remainder of the opinion.

[3] Because the order dismissing De Los Santos's petition was an interlocutory order, his July 28, 2022 notice of appeal was premature. However, the order merged into the August 4, 2022 final judgment, and it was deemed filed as of that date. *See* TEX. R. CIV. P. 27.1 & 27.2; *Guerra v. Garza*, 648 S.W.3d 493, 496 (Tex. App.—San Antonio 2021, no pet.); *see also Kenneth D. Eichner, P.C. v. Dominguez*, 623 S.W.3d 358, 363 (Tex. 2021) (concluding order striking intervention merged into final judgment, so failed intervenor was party who could appeal judgment).

Santos lacks standing because he failed to allege a concrete injury in his intervention petition, intervening only as next friend to his minor children.

We begin with Superior Shuttle's argument De Los Santos may not appeal the trial court's final judgment because he was not a party to the final judgment. "Whether an intervenor is a party to the final judgment depends on when the intervention petition is filed." *Kenneth D. Eichner, P.C.*, 623 S.W.3d at 361. "[A] person who intervenes before the trial court signs a final judgment becomes a party to that judgment." *Id.* at 362. "If the court strikes the petition, the intervenor qualifies as a party who may appeal the subsequent final judgment into which the order striking the intervention has merged, because that judgment is binding on the intervenor." *Id.* Here, De Los Santos intervened before the trial court signed a final judgment. *See id.* After the court dismissed his petition, he qualified as a party to the subsequent final judgment into which the order dismissing his intervention petition merged. *See id.* For purposes of this appeal, he is therefore a party to the final judgment. *See id.*

Turning to Superior Shuttle's next argument, standing implicates subject-matter jurisdiction and "is a question of law that we review de novo." *In re H.S.*, 550 S.W.3d 151, 155 (Tex. 2018).[4] "Generally, standing involves a threshold determination of whether a [party] has a sufficient justiciable interest in the suit's outcome to be entitled to a judicial determination." *In re T.H.*, 650 S.W.3d 224, 233 (Tex. App.—Fort Worth 2021) (orig. proceeding) (alteration in original) (quoting *H.S.*, 550 S.W.3d at 155) (internal quotation marks omitted). "In evaluating standing, we construe the pleadings in . . . favor [of the party filing the pleadings], but we also consider relevant evidence offered by the parties." *Id.* (quoting *H.S.*, 550 S.W.3d at 155) (internal quotation marks omitted).

---

[4] It may also be raised for the first time on appeal. *Meyers v. JDC/Firethorne, Ltd.*, 548 S.W.3d 477, 484 (Tex. 2018).

It is undisputed De Los Santos filed his petition as "next friend on behalf of" C.D.L.S. and V.D.L.S., alleging multiple negligence claims against Superior Shuttle and Heather Contreras. "The status of a next friend under Texas law is well settled." *In re Bridgestone Americas Tire Operations, LLC*, 459 S.W.3d 565, 573 (Tex. 2015). In a suit by a next friend on behalf of a minor, "the *next friend* is not a *party* to the suit"; "the real party plaintiff is the child." *Id.* (quoting *Gracia v. RC Cola–7–Up Bottling Co.*, 667 S.W.2d 517, 519 (Tex. 1984); *Martin v. Weyman*, 26 Tex. 460, 468 (1863)) (internal quotation marks omitted). De Los Santos's standing is therefore inapposite, and the parties do not dispute C.D.L.S. and V.D.L.S. have standing. *See Austin Nursing Ctr. v. Lovato*, 171 S.W.3d 845, 850 (Tex. 2005) (concluding estate retained justiciable interest in survival action because decedent's survival claim became part of estate at death and holding decedent's estate therefore had justiciable interest in controversy sufficient to confer standing).

Superior Shuttle's contention De Los Santos lacks standing is therefore overruled.

## SUPERIOR SHUTTLE'S MOTION

De Los Santos argues the trial court erred by granting Superior Shuttle's Rule 91a motion to dismiss his petition because (1) he did not receive notice of the hearing on the motion, and (2) he had a legal right to intervene on behalf of his children. Superior Shuttle argues its motion is not a Rule 91a motion because it "never invoked" the rule in its motion, and the trial court was permitted to shorten the notice period under Rule 21(b) of the Texas Rules of Civil Procedure. It further contends the trial court properly dismissed De Los Santos as intervenor because (1) the trial court had already protected the interests of the children by appointing a guardian ad litem for them, and (2) De Los Santos's intervention was untimely and would unduly complicate the friendly suit.

### A. The Nature of the Motion and Our Standard of Review

To determine our standard of review and the amount of notice required for the hearing on the motion, we must first determine the nature of Superior Shuttle's motion. "It is well settled that

the nature of a motion is determined by its substance, rather than its title or caption." *Cuba v. Williams*, No. 01-18-00122-CV, 2019 WL 1716061, at *2 (Tex. App.—Houston [1st Dist.] Apr. 18, 2019, no pet.) (mem. op.); *see, e.g.*, *Surgitek, Bristol–Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999); *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980); *see also* TEX. R. CIV. P. 71. "We examine the substance of [the] motion and the relief sought to determine how to treat the motion." *Cuba*, 2019 WL 1716061 at *2.

Here, Superior Shuttle's motion is entitled "Defendants' Brief in Support of Motion to Quash and for Protective Order and *Motion to Dismiss Petition in Intervention*" (emphasis added). However, Superior Shuttle does not move to dismiss any "cause of action on the grounds that it has no basis in law or fact." TEX. R. CIV. P. 91a.1. Nor does the motion state it is "made pursuant to" Rule 91a, identify any "cause of action to which it is addressed," or "state specifically the reasons the cause of action has no basis in law, no basis in fact, or both." *Id.* R. 91a.2.

Instead, Superior Shuttle argued De Los Santos's intervention was late and improper. Superior Shuttle contended in the motion De Los Santos's effort to intervene was actually an effort to interfere with the friendly suit by replacing the children's mother as next friend and the properly-appointed guardian ad litem. It further contended De Los Santos made no showing it was in the children's best interest to replace the children's mother as next friend along with the guardian ad litem because they were improper or failed to diligently represent the children's interests. It further argued De Los Santos's petition to intervene was improper because it was filed on the eve of settlement between the parties. Superior Shuttle sought dismissal of the intervention petition as relief. De Los Santos filed no response to the motion, and after a hearing, the trial court granted the motion. Based on the motion's substance, and Superior Shuttle's main argument that De Los Santos's intervention was improper, we construe the motion as a motion to strike the petition to intervene. *See* TEX. R. CIV. P. 60 (providing intervention petition subject to motion to strike).

Any party may file a petition to intervene which is subject to being stricken for sufficient cause by the trial court on the motion of a party. *Id.* "A ruling on a motion to strike an intervention is reviewed for abuse of discretion." *Farmers Grp., Inc. v. Geter*, 620 S.W.3d 702, 713 (Tex. 2021). "An abuse of discretion denotes "act[ing] without reference to guiding rules or principles; in other words . . . the act was arbitrary or unreasonable." *Hurtado v. Gamez*, No. 13-11-00354-CV, 2012 WL 2052199, at *4 (Tex. App.—Corpus Christi-Edinburg June 7, 2012, pet. denied) (mem. op.) (alterations in original) (quoting *Zeifman v. Michels*, 229 S.W.3d 460, 465 (Tex. App.—Austin 2007, no pet.)) (internal quotation marks omitted).

## B. Notice of Hearing on the Motion

Turning to De Los Santos's argument he did not receive formal notice of the hearing, a movant must serve a notice of hearing on a motion to strike "not less than three days before the time specified for the hearing, unless otherwise provided by these rules or shortened by the court." TEX. R. CIV. P. 21(b).

De Los Santos argues he did not receive formal notice of the hearing on the motion, which was heard by the trial court the next day, and the trial court's dismissal of his petition in intervention was therefore improper. The record does not contain a notice of the hearing on the motion, and the trial court's docket does not reflect one was ever filed. However, De Los Santos does not dispute he received a copy of "Defendants' Brief in Support of Motion to Quash and for Protective Order and Motion to Dismiss Petition in Intervention." And the record reflects De Los Santos attended the hearing on the motion. *Cf. Prototype Mach. Co. v. Boulware*, 292 S.W.3d 169, 172 (Tex. App.—San Antonio 2009, no pet.) (reversing and remanding case where trial court granted motion to strike where intervenor's petition stricken at hearing not attended by intervenor because intervenor did not receive any notice).

Assuming for the sake of argument the trial court did not exercise its discretion to shorten the notice provided to De Los Santos under Rule 21(b), a party complaining of insufficient notice must preserve the complaint for appellate review. *See* TEX. R. APP. P. 33.1(a); *Cotten v. Cotten*, 169 S.W.3d 824, 829 (Tex. App.—Dallas 2005, pet. denied). De Los Santos did not oppose the motion in either written or verbal form, and he did not object to a lack of notice of the hearing on the motion. Notably, De Los Santos's counsel did not discuss the motion at the hearing whatsoever. Because De Los Santos did not timely object to a lack of formal notice of the hearing, he did not preserve the issue for our review.[5] *See* TEX. R. APP. P. 33.1(a); *Cotten*, 169 S.W.3d at 829; *Union City Body Co., Inc. v. Ramirez*, 911 S.W.2d 196, 201 (Tex. App.—San Antonio 1995, no writ) ("[A] complaint of inadequate notice under rules 21 or 21a is waived absent a timely and specific objection.").

We therefore overrule De Los Santos's argument Superior Shuttle failed to provide him with adequate notice.

## C. Intervention

De Los Santos further argues the trial court erred by dismissing his intervention petition because he had a legal right to intervene and the proposed settlement was inherently subject to conflict. Superior Shuttle argues the trial court properly dismissed De Los Santos's petition because it was untimely, De Los Santos merely sought to displace the court-appointed guardian ad litem, and permitting De Los Santos to intervene would have unduly complicated the friendly suit.

---

[5] Although the trial court had already struck De Los Santos's intervention, De Los Santos filed objections to the agreed judgment adopting the settlement between the parties. In a single footnote, he explained he was "not attempt[ing] to make substantive arguments regarding the [motion to dismiss]" but noted "at the time [of] the [hearing] a Notice of Hearing/FIAT had not been filed, therefore, the requisite notice period had not been met." He did not, however object to the lack of notice or formally ask the trial court to reconsider its ruling on the motion.

### 1. Applicable Law

A party intervening pursuant to Rule 60 "is not required to secure the court's permission to intervene; the party who opposed the intervention has the burden to challenge it by a motion to strike." *Nghiem v. Sajib*, 567 S.W.3d 718, 721 (Tex. 2019) (quoting *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990)) (internal quotation marks omitted). "If any party to the pending suit moves to strike the intervention, the intervenor[ ] ha[s] the burden to show a justiciable interest in the pending suit." *Id.* (alterations in original) (quoting *In re Union Carbide Corp.*, 273 S.W.3d 152, 155 (Tex. 2008)) (internal quotation marks omitted).

However, "[e]ven if a party has a justiciable interest, and thus a right to intervene in a lawsuit, the trial court still has broad discretion to determine whether the plea in intervention should be struck." *J. Fuentes Colleyville, L.P. v. A.S.*, 501 S.W.3d 239, 243 (Tex. App.—Fort Worth 2016, no pet.); *see Law Offices of Windle Turley, P.C. v. Ghiasinejad*, 109 S.W.3d 68, 70 (Tex. App.—Fort Worth 2003, no pet.) ("Allowing the intervention in this case would inject new issues into the case that are completely unrelated to the issue of the principal lawsuit—whether Dr. Corpuz committed malpractice."); *see also Mendez v. Brewer*, 626 S.W.2d 498, 499 (Tex. 1982) ("It is settled law that a motion to strike an intervention is addressed to the sound discretion of the trial court."). This broad discretion "presumably includes consideration of all issues related to whether intervention was proper in the case under the circumstances, i.e., any sufficient cause." *Muller v. Stewart Title Guar. Co.*, 525 S.W.3d 859, 873 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (quoting *Allen Parker Co. v. Trustmark Nat. Bank (Allen Parker II)*, No. 14-12-00766-CV, 2013 WL 2457113, at *6 (Tex. App.—Houston [14th Dist.] June 6, 2013, pet. denied) (mem. op.)) (internal quotation marks omitted). Despite this broad discretion,

> a trial court abuses its discretion by striking a plea in intervention if the intervenor (1) could have brought the same action, or any part of it, in its own name or could have defeated recovery, or some part of it, if the action had been brought against it,

(2) the intervention would not complicate the case by excessively multiplying the issues, and (3) the intervention is almost essential to effectively protect the intervenor's interest.

*J. Fuentes Colleyville*, 501 S.W.3d at 243 (quoting *Horseshoe*, 793 S.W.2d at 657).

### 2. Analysis

Because there is no dispute the children have a justiciable interest and De Los Santos intervened as next friend to the children, the only question remaining is whether the trial court nevertheless abused its discretion by striking the petition. *See Horseshoe*, 793 S.W.2d at 657; *J. Fuentes Colleyville*, 501 S.W.3d at 243.

The children's mother filed the original petition in the friendly suit on behalf of herself and as next friend of C.D.L.S. and V.D.L.S. After Superior Shuttle answered, the parties jointly moved to appoint a guardian ad litem for the children pursuant to Rule 173 of the Texas Rules of Civil Procedure. In the joint motion, the parties explained they would show the trial court they "have agreed to compromise and settle all claims" and the children's mother "may have interests that are adverse to the interests of the Minors, and that the Court should therefore appoint a Guardian Ad Litem to represent the interests of the Minors in this proceeding." The trial court granted the motion and appointed a guardian ad litem.

De Los Santos sought to intervene as next friend, alleging multiple negligence claims against Superior Shuttle and Heather Contreras. He did not include any allegations regarding the trial court's review of the settlement or its approval. *Cf. J. Fuentes Colleyville*, 501 S.W.3d at 242 (concluding trial court did not abuse its discretion in striking intervention petition by third party to friendly suit because plea did not allege any facts indicating purported intervenors had any interest whatsoever affected by friendly suit); *Hurtado*, 2012 WL 2052199, at *5 (concluding trial court did not abuse its discretion in granting motion to strike plea in intervention where plea did not include any factual allegations regarding friendly suit's wrongful-death claim settlement, did not

include allegations involving trial court's review, approval, entry, and settlement agreement enforcement, and purported intervenors did not clearly assert they could have brought any part of friendly-suit claim).

De Los Santos thereafter filed an objection to the settlement approval and moved for sanctions, explaining he did not approve the settlement and counsel to Superior Shuttle and Heather Contreras entered into "an unconscionable fee agreement" with the children's guardian ad litem. Shortly thereafter, he also noticed Superior Shuttle for a deposition. De Los Santos explained he sought to intervene because "there was additional litigation that needed to occur before a fair settlement could conceivably be reached" in order "to ensure his two minor children were adequately compensated." In other words, De Los Santos had no interest in the friendly suit seeking judicial approval of the settlement; he sought the opposite: the conversion of the friendly suit into a traditional adversarial lawsuit. *See J. Fuentes Colleyville*, 501 S.W.3d at 242; *Hurtado*, 2012 WL 2052199, at *5.

De Los Santos further argues the trial court should have denied Superior Shuttle's motion because he had a legal right to intervene on his children's behalf, citing a 2020 order modifying the parent-child relationship, and because the proposed settlement "was inherently subject to conflict." The 2020 order provides both parents the "independent right to represent the children in [a] legal action and to make other decisions of substantial legal significance concerning the children." Superior Shuttle argues the trial court properly granted the motion because De Los Santos's involvement was unnecessary since the children's mother was already acting as next friend, and they had a guardian ad litem.

Turning to De Los Santos's argument he had a right to represent his children, the trial court ordered both parents have this right. The children's mother exercised it by negotiating a settlement on the children's behalf, filing a friendly suit seeking its approval, and moving for the appointment

of a guardian ad litem on behalf of the children. A trial "court must appoint a guardian ad litem for a party represented by a next friend" if the next friend "appears to the court to have an interest adverse to the party" or "the parties agree." TEX. R. CIV. P. 173.2(a)(1)-(2); *Ford Motor Co. v. Stewart, Cox, & Hatcher, P.C.*, 390 S.W.3d 294, 297 (Tex. 2013). "When an offer has been made to settle the claim of a party represented by a next friend or guardian, a guardian ad litem has the limited duty to determine and advise the court whether the settlement is in the party's best interest." TEX. R. CIV. P. 173.4(c). Here, the trial court appointed the guardian ad litem to represent the children's interest in the settlement in order to ensure someone was acting in the children's best interest. *See id.* R. 173.2(a)(2); *Stewart, Cox, & Hatcher, P.C.*, 390 S.W.3d at 297.

"Any party may object to the appointment of the guardian ad litem" and "seek mandamus review of an order appointing a guardian ad litem or directing a guardian ad litem's participation in the litigation." TEX. R. CIV. P. 173.3(c), 173.7(a). After he intervened, De Los Santos did not object to the guardian ad litem's appointment based on his independent right to represent his children. TEX. R. CIV. P. 173.3(c). Nor did he seek mandamus review. *See id.* R. 173.7(a). Instead, he objected to the settlement and sought further discovery, alleging the fee agreement between counsel for Superior Shuttle and the guardian ad litem "precluded" the guardian ad litem from conducting discovery. Still, De Los Santos adds it was "never [his] goal" to replace the guardian ad litem, adding his purpose was "the same . . . as the Guardian Ad Litem—protecting the best interest of his minor children." During the hearing, the guardian ad litem explained she provided the trial court with a report, she met with the children, and she met with De Los Santos. She also noted De Los Santos's "only concern . . . expressed to me was that the [children's] mother . . . would not have access to the funds that were being apportioned over to the [C.D.L.S. and V.D.L.S.]. That was it. . . . I had a long talk with him." None of this was disputed by De Los Santos. The trial court dismissed his petition a few weeks later.

Under these circumstances and remaining mindful the trial court has broad discretion to consider all issues related to whether the intervention was proper, we cannot conclude the trial court abused its discretion by granting Superior Shuttle's motion.[6] *See Horseshoe*, 793 S.W.2d at 657; *J. Fuentes Colleyville*, 501 S.W.3d at 243; *Hurtado*, 2012 WL 2052199, at *5.

### CONCLUSION

Accordingly, the trial court's judgment—into which its order dismissing the petition merged—is affirmed.

Luz Elena D. Chapa, Justice

---

[6] Superior Shuttle further argues De Los Santos's objection to the agreed judgment based on attorney's fees is unreasonable. However, De Los Santos specifically disclaims raising this issue before the court, and we therefore decline to address it. *See* TEX. R. APP. P. 47.1.