

# NUMBER 13-25-00088-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING SEVERALLY TO POLICY NO. THM000938-01

## ON PETITION FOR WRIT OF MANDAMUS

## OPINION

**Before Chief Justice Tijerina and Justices West and Fonseca
Opinion by Chief Justice Tijerina[1]**

By petition for writ of mandamus, relators Certain Underwriters at Lloyd's, London

Subscribing Severally to Policy No. THM000938-01 (Underwriters) contend that the trial

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."), *id.* R. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."), *id.* R. 47.4 (explaining the differences between opinions and memorandum opinions).

court[2] abused its discretion by striking their plea in intervention. In a previous original proceeding, we determined that the trial court abused its discretion by striking the plea in intervention because Underwriters were not provided with notice of a hearing on their plea or an opportunity to be heard. *See In re Certain Underwriters at Lloyd's, London*, No. 13-24-00428-CV, 2024 WL 5087394, at *1 (Tex. App.—Corpus Christi–Edinburg Dec. 11, 2024, orig. proceeding) (mem. op.). The trial court subsequently provided Underwriters with notice and an opportunity to be heard and thereafter struck their plea in intervention. We conditionally grant the petition for writ of mandamus.

## I.    BACKGROUND

Real parties in interest Jesus and Cynthia Santoyo are the named insureds on a property insurance policy issued by Underwriters. Asserting that their home sustained extensive damage from a hailstorm, the Santoyos submitted a property damage claim to Underwriters. The parties were unable to resolve the claim. On March 19, 2024, the Santoyos' counsel sent a pre-suit demand letter to Underwriters. On March 27, 2024, Underwriters "declare[d] an impasse in the amount of loss [in] dispute" and demanded appraisal pursuant to the terms of their insurance policy. On May 8, 2024, Underwriters notified the Santoyos that Underwriters elected to assume whatever liability that their agents might have for any acts and omissions related to the Santoyos' claim under § 542A.006 of the Texas Insurance Code. *See* TEX. INS. CODE ANN. § 542A.006 (governing an insurer's election of legal responsibility in an action against its agents). Shortly thereafter, the Santoyos filed suit against American Claims Management, Inc.

---

[2] This lawsuit arises from trial court cause number CL-24-1987-G in the County Court at Law No. 7 of Hidalgo County, Texas, and the respondent is the Honorable Sergio Valdez. *See id.* R. 52.2.

2

(ACM) and Judah Hale Hays alleging that they failed to properly investigate and adjust the Santoyos' property damage claim. The Santoyos asserted causes of action against them for negligence, violations of the Texas Insurance Code, and violations of the Texas Deceptive Trade Practices Act. The Santoyos did not name Underwriters as a defendant in their lawsuit.

On July 8, 2024, Underwriters filed a "Plea in Intervention and Petition to Compel Appraisal." Underwriters explained that they issued the insurance policy at issue and they engaged ACM to assist in the adjustment of the Santoyos' claim as a third-party administrator, and that ACM then assigned Hays to serve as an independent field adjuster for the claim. Underwriters asserted that there was "minimal interior water damage" to the Santoyos' property and the covered losses fell below their deductible; however, the Santoyos disagreed with this assessment of their damages. Underwriters argued that they were entitled to appraisal under the policy, and that they had elected to accept all potential liability of their agents, including ACM and Hays, under § 542A.006. *See id.* Underwriters thus argued that they should be allowed to intervene in the lawsuit because they possessed a justiciable interest in the suit and further argued that the trial court should compel the Santoyos to participate in the appraisal process. On July 15, 2024, Underwriters filed a separate "Motion to Compel Appraisal and to Abate." They asserted, *inter alia*, that the insurance policy required appraisal as a condition precedent to coverage and to any legal action.

On August 1, 2024, the Santoyos filed their first amended petition against ACM and Hays. Their amended petition generally reiterates the claims made in their original petition but clarifies that the Santoyos "are seeking only tort claims" and "there are no

3

breach of contract claims herein alleged or sought." On August 2, 2024, the Santoyos further filed a "Motion to Strike [Underwriters'] Plea in Intervention, Response to [Underwriters' Motion] to Compel Appraisal[,] and Response to Motion to Compel Appraisal and Abate."

On August 5, 2024, the trial court held a hearing on Underwriters' motion to compel appraisal and abate. That same day, by separate orders, the trial court struck Underwriters' plea in intervention and denied their motion to compel appraisal and abatement. Underwriters sought mandamus relief on grounds that they were deprived with notice and an opportunity to be heard, and, as stated previously, we granted relief, in part. *See In re Certain Underwriters at Lloyd's, London*, 2024 WL 5087394, at *1.

Subsequently, in accordance with our instructions, the trial court held a hearing on the Santoyos' motion to strike Underwriters' plea in intervention. On January 22, 2025, the trial court signed an order denying Underwriters' plea in intervention. On January 24, 2025, the Santoyos filed a fourth amended petition against ACM and Hays, again alleging that that they failed to properly investigate and adjust their property damage claim and reiterating their allegations that they are not seeking any benefits under their insurance policy.

This original proceeding ensued. Underwriters filed a petition for writ of mandamus asserting by two issues, which we construe as one, that the trial court abused its discretion by striking their plea in intervention. In conjunction with their petition for writ of mandamus, Underwriters also filed a motion to stay the trial court proceedings. The Court granted Underwriters' motion to stay, stayed the trial court proceedings, and requested the real parties in interest to file a response to Underwriters' petition for writ of mandamus.

4

ACM and Hays filed a response joining in Underwriters' request for mandamus relief, and the Santoyos filed a response in opposition.

## II.    STANDARD OF REVIEW

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that: (1) the trial court abused its discretion; and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840.

## III.    INTERVENTION

"Any party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party." TEX. R. CIV. P. 60; *see Farmers Grp., Inc. v. Geter*, 620 S.W.3d 702, 713 (Tex. 2021). Rule 60 "authorizes a party with a justiciable interest in a pending suit to intervene in the suit as a matter of right." *Nghiem v. Sajib*, 567 S.W.3d 718, 721 (Tex. 2019) (quoting *In re Union Carbide Corp.*, 273 S.W.3d 152, 154 (Tex. 2008) (orig. proceeding) (per curiam)). Any party opposing the intervention has the burden to challenge it by filing a motion to strike. *Id.*; *see Mass. Bay Ins. v. Adkins*, 615 S.W.3d 580, 602 (Tex. App.—Houston [1st Dist.] 2020, no pet.). If a motion to strike is filed, the intervenor then has the burden to show that it possesses a justiciable interest

in the suit. *Nghiem*, 567 S.W.3d at 721; *In re Union Carbide Corp.*, 273 S.W.3d at 155; *Mass. Bay Ins.*, 615 S.W.3d at 602.

An intervenor possesses a justiciable interest when it "could have brought the same action, or any part thereof, in [its] own name, or, if the action had been brought against [it], [it] would be able to defeat recovery, or some part thereof." *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990) (op. on reh'g); *see Smith v. City of Garland*, 523 S.W.3d 234, 241 (Tex. App.—Dallas 2017, no pet.). A justiciable interest is analogous to an interest that is "essential for a party to maintain or defend an action." *Williamson v. Howard*, 554 S.W.3d 59, 66 (Tex. App.—El Paso 2018, no pet.) (quoting *McCord v. Watts*, 777 S.W.2d 809, 811 (Tex. App.—Austin 1989, no writ)); *see J. Fuentes Colleyville, L.P. v. A.S.*, 501 S.W.3d 239, 243 (Tex. App.—Fort Worth 2016, no pet.). In broad terms, a party may intervene when its interests will be affected by the litigation. *J. Fuentes Colleyville, L.P.*, 501 S.W.3d at 243; *Law Offices of Windle Turley, P.C. v. Ghiasinejad*, 109 S.W.3d 68, 70 (Tex. App.—Fort Worth 2003, no pet.). The intervenor's interest may be legal or equitable. *Guar. Fed. Sav. Bank*, 793 S.W.2d at 657; *Mendez v. Brewer*, 626 S.W.2d 498, 499 (Tex. 1982); *Williamson*, 554 S.W.3d at 66. However, the interest may not be merely contingent or remote. *Williamson*, 554 S.W.3d at 56; *Smith*, 523 S.W.3d at 241; *Law Offices of Windle Turley, P.C.*, 109 S.W.3d at 70.

We review the trial court's ruling on a motion to strike an intervention under an abuse of discretion standard. *Farmers Grp., Inc.*, 620 S.W.3d at 713; *Williamson*, 554 S.W.3d at 66; *Ins. Co. of State of Pa. v. Neese*, 407 S.W.3d 850, 853 (Tex. App.—Dallas 2013, no pet.). In this regard, the trial court's discretion is "broad" but not unlimited. *Guar.*

6

*Fed. Sav. Bank*, 793 S.W.2d at 657; *see Williamson*, 554 S.W.3d at 66. The trial court must grant a motion to strike if the intervenor fails to establish a justiciable interest in the lawsuit. *In re Union Carbide*, 273 S.W.3d at 156; *see Williamson*, 554 S.W.3d at 66. On the other hand, it is an abuse of discretion to strike a plea in intervention when: (1) the intervenor could have brought the same action or a part thereof in its own name or the intervenor would be able to defeat recovery or a part thereof; (2) allowing the intervention "will not complicate the case by an excessive multiplication of the issues"; and (3) "the intervention is almost essential to effectively protect the intervenor's interest." *Guar. Fed. Sav. Bank*, 793 S.W.2d at 657; *see Williamson*, 554 S.W.3d at 66; *J. Fuentes Colleyville, L.P.*, 501 S.W.3d at 243.

Although most interventions involve parties who intervene as plaintiffs, "intervenors can occupy the position of a defendant where their claims and prayer align them with the defendant and pit them directly against the plaintiff, even if no parties assert claims against them." *In re Ford Motor Co.*, 442 S.W.3d 265, 275 (Tex. 2014) (orig. proceeding). When "a judgment for the plaintiff may lead to an action against the intervenor or otherwise seriously prejudice the intervenor, the intervention is necessary to assure a proper defense against the claim." *Jenkins v. Entergy Corp.*, 187 S.W.3d 785, 797 (Tex. App.—Corpus Christi–Edinburg 2006, pet. denied); *see Evan's World Travel, Inc. v. Adams*, 978 S.W.2d 225, 234 (Tex. App.—Texarkana 1998, no pet.); *see also De La Rosa v. Avery*, No. 12-23-00112-CV, 2023 WL 7178022, at *3 (Tex. App.—Tyler Oct. 31, 2023, no pet.) (mem. op.). This is true even when the intervenor has not or could not be sued directly. *Jenkins*, 187 S.W.3d at 797; *Evan's World Travel, Inc.*, 978 S.W.2d at 234; *see also De La Rosa*, 2023 WL 7178022, at *3.

## IV. DISCUSSION

As stated previously, Underwriters contend that the trial court abused its discretion by striking their plea in intervention because they have a justiciable interest in the underlying lawsuit. Underwriters assert that: (1) their rights and duties will be affected by a judgment against ACM and Hays because Underwriters have accepted any liability that they may have pursuant to Texas Insurance Code § 542A.006; (2) the Santoyos are attempting to adjudicate coverage and liability disputes under Underwriters' insurance policy yet excluding Underwriters from participating in the lawsuit; (3) Underwriters are the only ones that can enforce the terms and conditions of the policy and their liability is affected by any judgment in the underlying case; and (4) Underwriters have invoked their right under the policy to determine coverage and liability issues through appraisal and the appraisal process may render some of the Santoyos' claims moot.

In contrast, the Santoyos assert that they have waived all claims for policy benefits; thus, Underwriters lack a justiciable interest in the lawsuit because they are free from liability. The Santoyos argue that ACM and Hays as adjusters are individually liable to the Santoyos independent of any claims on their insurance policy. The Santoyos thus allege that Underwriters' intervention is unnecessary and will only complicate the underlying lawsuit.

## A. Texas Insurance Code § 542A.006

Underwriters assert, in part, that their interests will be affected by a judgment against ACM and Hays because they accepted any liability that ACM and Hays might have to the Santoyos under Texas Insurance Code § 542A.006. The Santoyos argue that

8

this section does not apply to the facts of this case and does not provide Underwriters with a justiciable interest herein.

Texas Insurance Code Chapter 542A applies to actions, like the one at hand, concerning first-party insurance claims arising from damage caused by hail and wind. *See* TEX. INS. CODE ANN. §§ 542A.001(2),.002(a); *Advanced Indicator & Mfg., Inc. v. Acadia Ins.*, 50 F.4th 469, 474 (5th Cir. 2022) (per curiam). Subject to certain limitations that are not applicable here, this section provides that "an insurer that is a party to the action may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant." TEX. INS. CODE ANN. § 542A.006(a); *see id.* § 542A.006(h) (providing an exception for insurers who are in receivership). The insurer may not revoke this election, and a court may not nullify it. *Id.* § 542A.006(f).

If the insurer makes such an election *before* the claimant files the action, "no cause of action exists against the agent related to the claimant's claim, and, if the claimant files an action against the agent, the court shall dismiss that action with prejudice." *Id.* § 542A.006(b). If the insurer makes the election *after* the claimant files suit, "the court shall dismiss the action against the agent with prejudice." *Id.* § 542A.006(c). An insurer's election "is ineffective to obtain the dismissal of an action against an agent if the insurer's election is conditioned in a way that will result in the insurer avoiding liability for any claim-related damage caused to the claimant by the agent's acts or omission." *Id.* § 542A.006(e).

In any event, if the insurer makes the election and

the agent is not a party to the action, evidence of the agent's acts or omissions may be offered at trial and, if supported by sufficient evidence,

9

the trier of fact may be asked to resolve fact issues as if the agent were a defendant, and a judgment against the insurer must include any liability that would have been assessed against the agent.

*Id.* § 542A.006(g). "In an action tried by a jury, an insurer's election . . . may not be made known to the jury." *Id.* § 542A.006(i). While the case law construing this section is not voluminous, we agree with the Fifth Circuit which has held that an insurer's § 542A.006 election "eviscerates any claim against an agent." *Advanced Indicator & Mfg., Inc.*, 50 F.4th at 474; *see Yarco Trading Co. v. United Fire & Cas. Co.*, 397 F. Supp. 3d 939, 949 (S.D. Tex. 2019) (stating that "the Texas Legislature crafted § 542A.006(c) as a full-stop defense to claims filed against insurance adjusters in state court").

Here, the record reflects that Underwriters notified the Santoyos that they elected to accept the liability of ACM and Hays on May 8, 2024, at 1:09 p.m., and the Santoyos filed their original petition against ACM and Hays at 1:35 p.m. that same day. The Santoyos assert that under § 542A.006's "plain and common meaning," "***both the insurer and the adjuster must be named parties to the action***" for this section to apply, and thus § 542A.006 does not apply to this case because the Underwriters are not named parties to the suit. The Santoyos argue that the language of subsection (a), referring to "an insurer that is a party to the action" mandates that we adopt their construction of the statute. *See* TEX. INS. CODE ANN. § 542A.006(a). The Santoyos further assert that any other reading leads to the absurd result of extinguishing the right to seek relief against an adjuster, which is a recognized cause of action under Texas law.

We disagree with the Santoyos' assertions. While subsection (a) of § 542A.006 states that "an insurer that is a party to the action may elect to accept" its agents' liability, subsection (b) explicitly allows an insurer to make an election "before a claimant files an

10

action," and, accordingly, § 542A.006 does not apply only to insurers who are named defendants in a lawsuit. *See id.* § 542A.006(b). Moreover, contrary to the Santoyos' contention that this interpretation extinguishes existing causes of action against insurance agents,[3] the election procedure under § 542A.006 instead shifts liability for those causes of action to the insurer. *See generally id.* § 542A.006. We review the parties' claims regarding the propriety of Underwriters' intervention accordingly.

## B.   Analysis

We examine the factual allegations in the parties' pleadings to determine whether Underwriters have a justiciable interest in the lawsuit. *Williamson*, 554 S.W.3d at 66–67; *Smith*, 523 S.W.3d at 241; *J. Fuentes Colleyville, L.P.*, 501 S.W.3d at 243. In their fourth amended petition, the Santoyos allege that ACM and Hays failed to reasonably investigate their claim, misrepresented material facts regarding insurance coverage and the scope of loss, committed various violations of the Texas Insurance Code, and violated the Texas Deceptive Trade Practices Act. The Santoyos alleged, in part, that their "claim was improperly adjusted, inadequately paid, and wrongfully denied." The Santoyos clarified that:

> [They] are seeking only tort claims against [Hays and ACM] as no breach of contract claims are alleged or sought herein, nor are [the Santoyos] seeking any form of "policy benefits" or asserting entitlement to same in any manner or way, and affirmative[ly] state herein that any reference to policy benefits . . . is merely for the purpose of comparison to [Hays's and ACM's] bad faith adjustment of the loss and fraudulent conduct in [the] scope and adjustment of [the Santoyos'] storm related damage.

---

[3] Adjusters engaged in the business of insurance may be held individually liable. *See Liberty Mut. Ins. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998); *Lon Smith & Assocs., Inc. v. Key*, 527 S.W.3d 604, 622 (Tex. App.—Fort Worth 2017, pet. denied); *see also Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007); *Yarco Trading Co.*, 397 F. Supp. 3d at 944–45.

11

The Santoyos thus asserted that the damages that they sought against ACM and Hays were "independent of any claim for policy benefits."

Underwriters' plea in intervention alleged that they adjusted the loss at issue based on the information provided to them, and they ultimately determined that the Santoyos sustained only minimal water damage to their property and their estimated losses fell below their deductible. Underwriters alleged that they had a justiciable interest in the litigation because: (1) the Santoyos sought to adjudicate liability under their insurance policy; (2) Underwriters have a contractual right to appraisal, which ACM and Hays cannot enforce, which is a condition precedent to recovery under the insurance policy; (3) Underwriters have elected to accept all responsibility that ACM and Hays might have related to the Santoyos' claims under § 542A.006, and thus have an interest in defending the claims against them; and (4) a valid appraisal, once completed, contractually determines the amount of loss and forecloses certain causes of action, so if the Santoyos had brought suit against Underwriters, Underwriters would have been able to defeat their recovery in part or in its entirety through the appraisal process.

Examining the pleadings in the context of the relevant law, we note that a judgment in favor of the Santoyos would likely lead to an action against Underwriters because Underwriters have elected to accept whatever liability ACM and Hays have to the Santoyos. *See generally* TEX. INS. CODE ANN. § 542A.006(a), (b). Further, had the Santoyos filed suit against Underwriters directly, Underwriters would have been able to invoke appraisal, a defense that is unavailable to ACM and Hays and which could

12

potentially defeat the Santoyos' recovery or a part thereof.[4] The Santoyos' claims, although carefully crafted to avoid any causes of action pertaining to breach of the insurance policy itself, are factually premised on Underwriters' insurance policy and Underwriters' rejection of the Santoyos' claim. Based on the foregoing, we conclude that Underwriters possess a justiciable interest in the litigation. *See Guar. Fed. Sav. Bank*, 793 S.W.2d at 657; *Williamson*, 554 S.W.3d at 66; *J. Fuentes Colleyville, L.P.*, 501 S.W.3d at 243. *Jenkins*, 187 S.W.3d at 797; *Evan's World Travel, Inc.*, 978 S.W.2d at 234. And, we conclude that the intervention is essential to effectively protect Underwriters' interests. *See Guar. Fed. Sav. Bank*, 793 S.W.2d at 657; *Williamson*, 554 S.W.3d at 66; *J. Fuentes Colleyville, L.P.*, 501 S.W.3d at 243.

Finally, we examine whether allowing Underwriters to intervene would complicate the case by causing an excessive multiplication of the issues. *See Guar. Fed. Sav. Bank*, 793 S.W.2d at 657. In this regard, the Santoyos assert that Underwriters' attempts to intervene and compel appraisal "demonstrates that Underwriters has already complicated and multiplied the issues before the trial court." However, the Santoyos' causes of action, the defenses thereto, and the relevant facts, all surround the alleged damage to the Santoyos' property, the cause of that damage, ACM and Hays's evaluation of the damage, and Underwriters' denial of the claim. We cannot consider ACM and Hays's liability in a vacuum, and it is, in essence, inextricably interwoven with Underwriters' insurance policy and its denial of the Santoyos' claims. Moreover, because the Santoyos' suit complains solely of actions taken by ACM and Hays for which Underwriters has assumed liability,

---

[4] In discussing this issue, we express no opinion in this original proceeding on the merits of Underwriters' motion to compel appraisal, but instead focus on the fact that appraisal is foreclosed in its entirety in the absence of Underwriters' presence in the lawsuit.

Underwriters' intervention will not expand the scope of facts and issues relevant to the case. Accordingly, we conclude that allowing the intervention will not excessively complicate the case. *See Guar. Fed. Sav. Bank*, 793 S.W.2d at 657; *Williamson*, 554 S.W.3d at 66; *J. Fuentes Colleyville, L.P.*, 501 S.W.3d at 243.

## C.    Remedy

A trial court's ruling on a plea in intervention is not subject to appeal; thus, mandamus relief may be appropriate when the trial court erroneously rules on a motion to strike. *See, e.g.*, *In re Lumbermens Mut. Cas. Co.*, 184 S.W.3d 718, 729 (Tex. 2006) (orig. proceeding); *In re Gandy*, 649 S.W.3d 921, 928 (Tex. App.—Eastland 2022, orig. proceeding); *see also Hometown Bank, N.A. v. City of Tex. City*, No. 14-21-00043-CV, 2022 WL 17491676, at *2 (Tex. App.—Houston [14th Dist.] Dec. 8, 2022, no pet.) (mem. op.).

We conclude that the trial court abused its discretion by striking Underwriters' plea in intervention and that Underwriters lack an adequate remedy by appeal to address this error. We sustain the sole issue presented in this original proceeding.

## V.    CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the responses, the additional briefing, and the applicable law, is of the opinion that Underwriters have met their burden to obtain relief. Accordingly, we lift the stay that we previously imposed in this case. *See* TEX. R. APP. P. 52.10. We conditionally grant the petition for writ of mandamus and direct the trial court to: (1) vacate the January 22, 2025 order denying Underwriters' plea in intervention; and (2) enter an order denying the Santoyos' motion to strike Underwriters' plea in intervention. Our writ will issue only if the

trial court fails to comply. We deny Underwriters' request that we assess costs of court against the Santoyos.

JAIME TIJERINA
Chief Justice

Delivered and filed on the
11th day of July, 2025.